TALBERT GILBERT, Guardian, *v.* JOHN D. McEACHEN et al.

1. GUARDIAN AND WARD : HOW GUARDIAN AUTHORIZED TO EXCEED INCOME.—In order to justify a guardian in exceeding the income of his ward's estate in his maintenance and education, and to entitle him to an allowance for such excess, it is essential that there should first have been an order of the court authorizing him to exceed the income. A subsequent allowance of his expenditures in his annual accounts is not sufficient. See *Austin* v. *Lamar*, 23 Miss. R. 189; *Frelick* v. *Turner*, 26 Ib. 393.

2. SAME : PROBATE : RECORD.—An order of the Probate Court allowing a guardian to exceed the income of his ward in his maintenance and education, must appear of record, and be entered on the minutes of the court; and hence it cannot be established by a written memorandum of the judge made on the inventory, or other papers relating to the guardianship, or by parol. See *Burney* v. *Boyett*, 1 How. 39 ; *Dickson* v. *Hoff*, 3 Ib. 165 ; *Russell* v. *McDougall*, 3 S. & M. 234 ; *Steen* v. *Steen*, 25 Miss. R. 513.

APPEAL from the Court of Probates of Hinds county. Hon. John W. Robb, judge.

*Johnston* and *Shelton*, for appellant.

The objection to Gilbert's accounts as guardian, is, that he exceeded the income of the estate, without an order of court. There is no pretence that the accounts are false, extravagant, or improper. That the accounts are reasonable and proper, is shown by the items thereof. We shall not, of course, argue the moral question involved in this cause. We are merely to consider the cause in its legal aspect.

Now, had Gilbert, the guardian, lawful authority for the expen-

Gilbert, Guardian, *v.* McEachen et al.

ditures he made and reported to court? We contend that he had, and that all his charges should be allowed. The statute provides, that the court "shall ascertain and settle the amount to be annually expended in the maintenance and education of orphans," and that "the court may, if deemed advantageous, allow the guardian to exceed the income of the estate," &c. Hutch. Dig. 505, § 131.

Our Revised Code is identical with this provision. Rev. Code, 462, 463, Art. 150.

Under these statutes there is no requirement that a petition in writing should be submitted, praying for authority to exceed the income of the ward's estate; nor is it required that the judge should make an order in court for that purpose; nor that the records of the court should show such authority. The law above referred to, merely provides that the court shall ascertain and settle what shall be the annual expenditures, and the court may allow the guardian to exceed the income of a ward's estate.

We say, then, that whenever the probate judge examines and approves an account in which the expenditures transcend the ward's income, the judge has sanctioned and allowed the expenditure as fully, to all intents and purposes, as if the expenditures had been sanctioned by an order on the minutes or records. Such a formal order, we again suggest, is not required by the statute. All of Gilbert's accounts had thus been allowed by the judge. The court had before it all the inventories and reports of the guardian, saw that he was going beyond the income, and had, necessarily, to go beyond the income of the estate, in order decently to board and clothe and educate the girls under his care; and still recognized and approved all of the accounts. Was not that, in the language of the statute, allowing the guardian to exceed the income of the estate? Was not the statute substantially complied with? What more was necessary to be done? And does it not now come with a bad grace from the complainants in the bill of review to strain a construction of the statute, which it will not properly bear, in order that they may receive education and boarding and clothing, for a series of years, from the purse of their guardian instead of their own?

The statute makes it the duty of the court to ascertain and settle the amount, in all cases, which shall be annually expended in the

education and support of a ward.    Still, in practice, we know that, generally, that provision has been a "dead letter on the statute book." However, if the honorable court here will refer to the record, and read the testimony of A. L. Dabney, the judge who passed most of the accounts in controversy, it will be seen that the sum of three hundred dollars was ascertained and settled as the sum to be expended for said wards. The judge so settled the matter by his own writing. He also settled the sum by allowing it to pass in the annual accounts. It was not Gilbert's fault that the order did not get on the minutes of the court. The statute does not require the order to be made a matter of record. Our accounts are within the allowance of the judge. See *Owings* v. *McKee,* 34 Miss. R. 144.

*John F. Rives,* for appellees.

1. A guardian is not authorized, without a previous order of court, to exceed the income of his ward, in expenditures for maintenance and education. *Moore* v. *Cason,* 1 How. 53; *Austin* v. *Lamar,* 23 Miss. R. 189; *Brown* v. *Mullins,* 24 Ib. 204; *Frelick* v. *Turner,* 26 Ib. 393; 1 S. & M. Ch. R. 543.

2. The order to exceed income could only be proven by the minutes of the court. *Burney* v. *Boyett,* 1 How. 39; *Moore* v. *Cason,* Ib. 59; *Dickson* v. *Hoff,* 3 Ib. 165; *Russell* v. *McDougal,* 3 S. & M. 234; *Boon* v. *Boon,* 8 Ib. 318; *Rhodes* v. *Sherrod,* Ib. 97; *Ridgeway* v. *Ward,* 4 Humph. 430; *Steen* v. *Steen,* 25 Miss. R. 513.

HANDY, J., delivered the opinion of the court.

This was a bill of review in the Court of Probates of Hinds county, filed by the appellees, who were wards of the appellant, for the purpose of correcting certain errors apparent in the settlement of the appellant as their guardian, in that court. The errors complained of in the bill are, that the guardian was allowed by the court in his final settlement, and for his expenditures for the support and maintenance of the wards, an amount exceeding the annual income of the wards' estates, the same having been allowed in several annual accounts of the guardian, but there had been no order of the court made previous to such expenditures authorizing the guardian to exceed the income of the estate for the education and

maintenance of the wards. The bill of review charges that the allowance to the guardian of this excess is erroneous, and seeks to charge him with the same and interest, and to correct the final settlement to that extent.

It is, in the first place, insisted in behalf of the appellant, that inasmuch as he was allowed for this excess in his annual accounts, that was a sufficient justification for his exceeding the income, because it was an allowance to him by the court for the amounts expended, and cures the want of a previous order of the court authorizing him to exceed the income. But this point has been frequently decided by this court; and it must be regarded as settled, that in order to justify a guardian in exceeding the income of his ward's estate in his expenditures for the maintenance and education of the ward, and in order to obtain allowance for such excess, there must first have been an order of the court authorizing him to do so. *Austin* v. *Lamar*, 23 Miss. 189; *Frelick* v. *Turner*, 26 Ib. 393.

It is next insisted, that the testimony introduced shows that the expenditures were made by the guardian in virtue of authority granted to him for that purpose by the judge of probate, though an order for that purpose was not entered upon the records of the court. This evidence consisted of the testimony of the judge of probate, at the time of the appellant's appointment as guardian; which was in substance, that he recognized as *his handwriting a* memorandum written in pencil-mark, indorsed on the inventory of money belonging to the wards' estate, returned by the guardian, in these words: " Order authorizing guardian to expend $300 per annum," and that it was his custom, while judge, to make such memoranda, and hand them to the clerk to be entered on the minutes; that when a written petition was filed for the purpose, he either handed it to the clerk, if granted, directing him so to enter it; or he wrote the substance of the order on the petition, and handed it to the clerk; that a written petition was not required for such a purpose, though sometimes filed; and if one was filed in this case, it was unaccountable that the order was not made on that; if the inventory or an annual account furnished the means of judging of the matter, it was sufficient to make a verbal application, and

the greater part of such orders were so made. But he stated that he had no recollection of the application or order in this case.

It is objected that this testimony is incompetent to prove an order to the guardian, as the same should have been a matter of record, and cannot be established by written memoranda of the judge not properly entered on the record. This position is well settled in this court. *Burney* v. *Boyett,* 1 How. 39; *Dickson* v. *Hoff,* 3 Ib. 165; *Russell* v. *McDougall,* 3 S. & M. 234; *Steen* v. *Steen,* 25 Miss. 513.

The order to the guardian was not,. therefore, legally proved, and the decree must be affirmed.