## Elizabeth Dogan et al. *v.* A. R. Brown, Ex'r.

1. Record.—A record imports absolute verity; it proves itself, and is conclusive upon the parties and their privies; but that it may have this solemn import it must show that the court had jurisdiction over parties and the subject matter.

2. Same—Probate court—Presumption.—In proceedings in final settlement cases, the account itself filed in the court, the citations and publications of notice to the parties interested, and the orders and decrees on the minutes of the court, are to be regarded as matter of record; and it is well settled in this court that the recital in a decree made upon final settlement accounts, that the legatees and distributees have been duly summoned, is *prima facie* evidence of that fact. 29 Miss., 103.

3. Same—Recitals.—This *prima facie* case may be combatted by inspection of the entire record, which might, or might not, furnish conclusive proof whether the recital be true or false. 9 S. & M., 622. Recitals must be controlled by other parts of the record. Process is part of the record, and when that is produced and it does not appear to have been served on the proper parties, the recital will not be sufficient.

4. Same—Probate court—Practice.—In proceedings in the probate court by a legatee or distributee to force the administrator to a final settlement, and the administrator pleads in bar a final decree of the court, reciting that all parties interested had been duly notified or cited to appear and show cause, etc., and finally discharging such administrator, the plaintiff has a right to introduce the whole record in evidence; and if it appear therefrom that the recitals in the decree are untrue, the decree will be void.

5. Notice—Service—Practice.—Where it appears that the only notice or citation found among the papers in the cause was without the seal of the court, but had the return of the sheriff endorsed thereon, "executed on," etc., those named in it, such citation, though insufficient as notice, is proper evidence to show that a legal citation had not been issued and served in the case; and the administrator will not be heard to object to its introduction as evidence for such purpose on the ground that it is void as a citation and contradicted the record.

6. Probate court—Final settlement—Practice.—In proceedings for a final settlement and discharge by an administrator, where it appears from the record that the legatees and distributees were minors, who had a regularly appointed guardian and that the citations had been issued to and served upon them, but not upon the guardian, the recital in the decree of the court that all parties interested, etc., had been duly and legally notified, does not cure the defect of notice, and the decree is not binding on such minors.

7. Decree—Claimant—Jurisdiction—Practice.—A party claiming a benefit under a decree must produce the entire record of the suit; the decree alone is not suffi-

cient, as other parts might show that it was vacated, set aside, or reversed; besides, it is essential to its validity that the jurisdiction of the court over the parties should appear.

8. FINAL SETTLEMENT—DISTRIBUTEES—NOTICE.—In proceedings for final settlement, the statute, Hutch. Code, 682, § 12, requires that when any of the legatees, heirs, or distributees shall be under age the citations as to them shall be served on their guardian, and publication directed to them by name and character. Without the notice thus required the judgment allowing the account is void. 1 How., 60; 25 Miss., 531; 31 ib., 595.

Appeal from the probate court of Tallahatchie county. WOFFORD, J.

Appellants made the following assignment of errors:

1st. The court below erred in sustaining the motion made by defendant to dismiss the original petition of the plaintiff.

2d. The court erred in refusing to allow to be read as evidence in behalf of the plaintiff, the citation and the sheriff's indorsement thereon, referred to in her petition.

3d. The court erred in excluding the testimony of the witness, M. L. Trewalla, and in refusing to allow to be read as evidence in behalf of plaintiff, for the purpose stated in the record, the minutes of the probate court from the August to the October term, 1853.

4th. The court erred in refusing to allow to be read as evidence in behalf of the plaintiff, the certified copy of the appraisement of the personal property of the testator, returned into court by the executor, the defendant, and recorded in book " D," a record book of the probate court.

5th. The court erred in refusing to allow to be introduced and sworn as witnesses, in behalf of the plaintiff, to prove the facts set forth in the record, James M. Curry, Isaiah Gates, and Isaac D. Baker.

6th. The court erred in sustaining the plea in bar filed by the defendant to the amended petition of the plaintiff, and in dismissing the amended petition of the plaintiff.

*W. S. Eskridge,* for appellants.

The court below erred in dismissing the original petition of plaintiff. The petition was to set aside a void settlement of the probate court, and charges fraud and wrong on the

part of the executor, the appellee, and calls upon him to appear and make a final settlement as required by law. See Neal v. Wellons, 12 S. & M., 649; Neyland v. Burge, 14 ib., 201; Cason v. Cason, 31 Miss., 578; Winburn v. King, 5 ib., 157; Roberts v. Roberts, 4 ib., 322; Rev. Code, 452, art. 108; ib., 454, art. 118. The citation is expressly made a part of the petition, by exhibit " B," and contradicts the recital of notice contained in the decree; the production of the notice completely destroys the effect of the recital in the decree. Pounds v. Gartman, 29 Miss., 133; Cason v. Cason, 31 ib., 578.

A motion to dismiss is an admission of the truth of the allegations in the petitions. Treadwell v. Sorrell, 23 Miss., 563. The petition charges the executor with having received large amounts of money and property, of the testator, which he holds and refuses to account for, or pay over to the petitioner, besides other acts of malfeasance and fraud. It is insisted that the petitioner had a clear right to read in evidence, to the jury, the citation and the indorsements thereon, made part of the petition, and the exclusion of which by the court, was clearly erroneous. The defense was, that defendant was discharged by the decree of the probate court; this decree was void for want of jurisdiction of the person of the petitioner, and to show this, the supposed citation was competent evidence. Story's Eq., 453, § 467; Pounds v. Gartman, 29 Miss., 133.

As to the 3d error assigned, there can be no doubt that it was competent to prove the facts attending the issuing and return of the citation, the absence of a seal, etc., and to exclude the clerk as a witness, who had charge of the records, and whose duty it was to issue process, was manifestly wrong. And it was equally erroneous in the court excluding the certified copy of the appraisment of the personal estate of the testator, returned by the defendant. Rev. Code, 518, art. 235. Petitioner alleged that the executor had failed to account for the property of the estate, and the inventory was the best evidence of the amount of it. Henderson v. Winchester, 31 Miss., 290; Davis v. Chevis, 32 Miss., 317;

Grinstead v. Foute, 32 Miss., 120 ; Denson v. Denson, 33 Miss., 560.  The allegations in the petition were material to the rights of the petition, and the exclusion of the witness offered to sustain them was unquestionably wrong. Hutch. Code, 682; Cason v. Cason, 12 S. & M., 649 ; Neylands v. Burge, 14 S. & M., 201 ; Steen v. Steen, 25 Miss., 513 ; Cason v. Cason, 31 Miss., 578.

The decree of the probate court, as to the petitioner, who was a minor, there being no service on her guardian, is absolutely void.  Hutch. Code, 728 ; McAlister v. Moye, 30 Miss., 258;  Anderson v. Tindall, 26 Miss., 332;  Henderson v. Winchester, 31 Miss., 290 ; Grinstead v. Foute, 32 Miss., 120 ; Denson v. Denson, 33 Miss., 560.

*E. S. Fisher*, on same side.

The petition contains several allegations of fraud in procuring and making this final settlement, and these allegations under the code regulating chancery practice, must be taken as true.  Rev. Code, 547, art. 44.  At the time this final settlement was made the petitioner was a minor, not more than six years old, and nothing appears to show that citation was served on her guardian (although it is shown by the record that she had one), now upon what ground can it be pretended that petitioner is concluded by this decree of final settlement?  The statute at that time required service of citation to be made upon the guardian, who was the only party against whom a contest could be carried on so as to bind her.

The decree recites service on the parties interested in the estate ; that is, in the estate, and not the guardian who had no interest, but simply authority to manage the estate for the benefit of those entitled.  Hutch. Code, 682, § 12.  The recitals here, are not conclusive upon the petitioner, under any view.  They are but *prima facie* evidence at most.  But taking every fact recited as true, it cannot be even inferred that the guardian was before the court.  The court cannot go outside of the record to learn these facts.  The decree, as

well as the petition, shows that the petitioner was a minor. The petition must be taken as true, for the plea confesses that, and seeks to set up matter in advance, which is a void decree.

*J. S. Baily & W. F. Fitzgerald,* for appellees.

Admitted, the power of the probate court to entertain a simple petition at a subsequent term, to set aside a void decree, as settled in Bowers et al. v. Williams, 34, Miss., 324. Error in law apparent upon the proceedings which does not render the proceedings void, must be reached by bill of review. But if the invalidity of a decree is only a matter of inference, the error can only be reached by an appellate tribunal. See Hutch. Code, 728, § 3; Gadberry v. Perry and wife, 27, Miss., 114. As to the allegations of fraud, see Trumbull v. Endicott, 3 S. & M., 302; Stubblefield v. McRaven et al., 5 S. & M., 130; 7 How. Miss., 197; 35 Miss., 153. And as to the power of the probate court to entertain these proceedings, see Rev. Code, 431, art. 33; Hutch. Code, 728. The authorities cited for the appellant will be found to be based upon the law contained in Hutch. Code, 728.

Admitting the doctrine announced in Denson v. Denson, 33, Miss., 560, we contend the court below did not err in dismissing the original petition, with leave to amend, for the motion to dismiss was in its legal effect but a demurrer as to a bill in chancery. As to the special legacy question in the petition, it is sufficient to say that she withdrew all claim to the same, and does not controvert the recitals in the record in regard thereto.

With regard to the action of the court, in excluding the copy of the citation as evidence, we insist there was no error. That paper had no seal of the court to it, nor the faintest trace of one, or that it had ever been impressed with a seal. The seal of the court is an essential requisite of a citation. Hutch. Code, 722, § 4.

A record imports absolute verity upon its face. 2 Tuck. Com., 378; 31 Miss., 578. So, in regard to the exclusion of

the parol testimony relative to the citation, and other parts of the proceedings, we think the action of the court was correct; for such evidence would tend to overthrow the decree of the court, upon a matter within its jurisdiction. The judgment of a court can only be attacked by other parts of the same record.

The facts in the case of Pounds v. Gartman et al., 29 Miss., 133, are different from those in the case at bar. We deny that the paper exhibited is a citation upon which the court could render a decree. But the solemn recitals, by a competent tribunal, upon a subject within its jurisdiction, raises the reasonable presumption, that citation, the usual process in cases of this kind, had, in fact, issued, and been served and returned, according to the requirements of law. On this point, see Monk v. Horne, 38 Miss., 100; Cannon, admr., v. Cooper et al., admrs., 39 Miss., 784; Cason v. Cason, 31 Miss., 578; Hutch. Code. 228.

*D. Shelton*, on same side.

There was only one issue before the court below: defendant pleaded a former judgment, and verified it by the record; that, the petitioner traversed. The issue was upon the record, and could only be determined by inspection of the record. The record showed a final settlement by the defendant, and a decree finally discharging him as administrator. Petitioner insisted that this decree was void, because the court had no jurisdiction, and offered, in evidence, a certified copy of a paper purporting to be a citation, but without the seal of the court and the return of the sheriff thereon showing he had served it on the petitioner, who was a minor. The statute requires all process to have the seal of the court affixed thereto. Hutch. Code, 722. The court excluded the paper, on the trial of the case. In this ruling of the court, there was no error; nor did the court err in excluding parol testimony to explain or contradict the record.

The statute governing the settlements of executors and administrators, will be found in Hutch. Code, 682, § 12. The

statute does not require the citations to be addressed to guardians by name; they issue to legatees, heirs and distributees, citing them to show cause, etc.; and when any of them are minors, the citation is to be served on the guardian. All this was done in this case. The citation was served upon all the parties, including the guardian. The admission of the excluded evidence would not have changed the result, and the court must still have found the decree a bar to the bill of revivor, that the issue was for the defendant, and should have dismissed the petition.

But, under any circumstances, the remedy for the petitioner, in this case, was not by bill of review, but by writ of error. Although the statute (Hutch. Code, 728, § 4) makes a decree against a minor, without proper notice, void, it does not prescribe any manner in which he shall relieve himself from its effects, but leaves him to the ordinary remedies. 2 Johns. Ch , 488; 3 ib., 124.

SIMRALL, J.:

The essential question presented in the record and debated by counsel, is whether the decree of the probate court, made on the final settlement, in 1853, is a bar to the relief sought in the petition of Dogan and wife.

For the plea in bar, it is claimed, that this decree, reciting that it was rendered on due notice to said Elizabeth, and that the other legatees and heirs of the testator, is conclusive.

For the plaintiffs, it is insisted that the papers and other matters, offered to be shown by the records of the probate court, contradict these recitals, and demonstrate that the decree is void, for want of proper notice.

It is axiomatic, that a record imports absolute verity— that it proves itself, and is conclusive upon the parties, and their privies; that it may have this solemn import, it must show, that the court had jurisdiction over both the parties and subject matter.

The solution of the precise point discussed by counsel,

would be simplified by a knowledge of what is "matter" of record in proceedings of final settlement. The account itself filed in the court, the citations and publication notices, warning the parties interested, and the orders and decrees on the minutes of the court, would be conceded to be "matter" of record.

It is so well settled in this court, that the recital in a decree made upon final settlement accounts, that the legatees, or distributees have been duly summoned, etc., is evidence of the fact, that we deem it unnecessary to refer to the cases. In Monk v. Horne, 39 Miss., 103, such recitals are regarded as *prima facie* evidence of due and legal service, and will suffice, if nothing else appear.

The Commercial Bank of Manchester v. Martin, 9 S. & M., 622, discloses how this *prima facie* case may be combatted, to-wit: The inspection of the entire record, which would, or might furnish "conclusive proof," whether the recital be "true or false."

In Pounds v. Gartman & Pendleton, 29 Miss., 133, the doctrine announced, was, that these recitals must be controlled, by other parts of the record ; process is part of the record, when that is produced, and does not appear to have been served on the proper parties, the recital in the decree will not be sufficient.

The plea sets up "that after the notice to all parties interested in said estate, as prescribed by law, the court decreed the allowance of his account, and discharged him, the executor, from all further trusts and liabilities," etc.

The decree read in evidence in support of the plea contained this recital: "and the citation heretofore issued having been returned executed on all the parties interested in said estate, and no person appearing and objecting, etc., it is ordered that the executor pay over to James M. Curry, guardian of the minor children of the testator, $3,482 89" (retaining some for small legacies).

This sum of $3,482 89, is the net balance in the hands of the executor—the surplus for distribution.

Mrs. Dogan states in her petition that, at the date of this decree, she was almost six years of age, and not twenty-one when she brought this suit.

The decree shows that all the children of the testator were then minors, and that one Curry was their guardian.

The plaintiffs then offered to read in evidence a citation issued the 26th of August, 1853, directed, among others, to Elizabeth Curry and " her husband, " Eliza Powers, Susan, Mary, Elizabeth, and Andrew J. Powers, all minor heirs at law of Lewis B. Powers, deceased, to appear at the next October term, the first day of the term, to show cause why Andrew R. Brown, administrator of Lewis B. Powers, should not settle his account, etc.

The return of the sheriff is executed on Eliza, Susan, Mary, Andrew J., and Elizabeth Powers, September 1st, 1853.

The plea states that the final account was filed at the August term, and the decree was made at the October term, 1854.

The specific objections made to the citation in the probate court as evidence, was that it was without seal, and second, it contradicted the record.  The clerk proved his habit to keep in separate files all papers pertaining to the particular estates; that this citation was among the proper files; that his signature to it is genuine; that the seal then in use was old and worn, and made but a dim, hardly perceptable impress; that he may have sometimes omitted the seal from official papers; that he never issued an alias, or duplicate citation, without the special order of the court.  Plaintiff then offered the minutes of the court, from August to October term, inclusive, to show that no alias citation was issued; all which the court refused, and finally rejected the citation and return thereon as evidence.

The action of the court must have been predicated on the idea, that to admit the evidence would be a permission to the plaintiffs to contradict the record by parol.

The general principle is, that a party claiming benefit under a decree must produce the entire record of the suit.

The presentation of the decree alone is not enough, for *non constat*, but that other parts might show that it was vacated, set aside, or reversed. Moreover, it is essential to its validity that the jurisdiction of the court appear. Within the scope of the cases cited, the recital of due and legal service made a *prima facie* case of the notice to the legatees; but not conclusive; for the same cases hold, that other parts of the record may be resorted to, to show what is the actual truth.

When it is conceded that the process of citation is parcel of the record, it is pushing the principle to its utmost verge, to hold that a recital in the decree, that due notice has been given by service of citation, is evidence of the fact. The recital that a state of facts has been proved, which exist *in pais*, and which may be established by testimony at the hearing, very surely is and ought to be conclusive.

It is clear to our minds that the only notice of the final settlement to the legatees was the citation proposed to be read. If it lacked the seal of the court, and for that reason was defective, it was none the less the "process" by which these parties were brought in as defendants, and was a part of the proceedings in the cause—parcel of the record. The misprision of the clerk in failing to impress his official seal upon it, however it may have effected its efficiency and value as a writ, did not take from it its character of process. It is manifest that the probate court recognized it as notice served on the parties. The account was filed at the August term. The statute required forty days' notice. It was issued the ———— day of August, returnable to the October term, and was executed 1st September. No subsequently issued writ could have given forty days' notice.

And without the full statutory notice the decree would have been void. Neil v. Wellons, 12 S. & M., 650.

Would this citation, if admitted in evidence, have overcome the recital in the decree? If so, then the inference or deduction of the court of due service of the citation will be proved to be erroneous. To affirm that a declaration in the body of the decree, that process had been served according

to law, shall outweigh an actual inspection of the writ, and the return thereon, showing the reverse, will not for one moment stand the test of reason.   And to meet the proposition to introduce and examine the writ, with the objection that it is an offer to contradict the record, is equally unreasonable.   The whole record must be consulted, and, as an entirety, it must tell its story.

The statute, Rev. Code, 682, art. 12, requires, as to notice of final settlement, that where any legatee, heir, or distributee shall be a minor, citation as to them shall be served on their guardians, and publication be directed to them by name and character.

Without the notice required by law, the judgment allowing the account is void.   Moore v. Cason, 1 How., 60 ; Steen v. Steen, 25 Miss., 531.   Cason v. Cason, 31 Miss., 595, arose under this statute.   Alexander Cason was a minor when the order of publication was made.   The order of publication was not addressed to his general guardian, nor to a guardian *ad litem.*   "The publication having been addressed to the minor by name, the final settlement as to him was void."

The only difference between this case and the one at bar, is, that the former was an attempted notice by publication, the latter by personal citation.   The requirement of the statute is, that if the "legatee," etc., be a minor, the citation must be served on the guardian.

The citation is addressed to the plaintiff, Elizabeth, and her brother and sisters, as minors.   The decree discloses the fact that Curry is their guardian, and property in the hands of the executor are directed to be delivered to him.

It was a prerequisite to jurisdiction over the minors, so as to bind them by the settlement, that the citation should have been served on the guardian.   The return of the sheriff shows that this was not done—unless, indeed, it was accomplished by the endorsement on the citation "executed" on Curry "and her husband."

This return shows a precise execution of the precept, but

it falls short of communicating to Curry—if indeed he was the same man—that he must appear to the proceeding in his fiduciary character. In suits seriously touching the property rights of infants—of very tender years, as were these children—nothing should be left to intendment. The only line of caution and safety, is the course marked out by the law.

Where a party holds two different characters, he must be dealt with as two separate persons, and only in the character in which he is brought before the court. Smith v. Hurd, 7 How., 200; May v. Tomkins, 9 Munf., 520; 2 Bland, 99; 10 Peters, 90.

We are, therefore, conducted to the conclusion that there was error in the refusal of the probate court to admit in evidence the citation, and the indorsement of the sheriff thereon, and also the minutes of the court. In our view, this evidence would have conclusively shown that the decree on the final settlement did not conclude the plaintiff. Such would be its effect, unless the whole record would present a different phase.

The settlement, however, would be entitled to all the virtue of an annual or partial account. It would be presumptively correct, and it would devolve upon the plaintiffs the *onus* of pointing out inaccuracies and errors.

The principle seems to rest pretty firmly on authority, that the final settlement is only conclusive as to the matters therein included. The functions of the administrator continues as to all matters not previously and finally settled. Henderson v. Winchester, 31 Miss., 295; Smith v. Hurd, 7 How., 200.

Wherefore the decree of the probate court is reversed, and the cause remanded to the chancery court of Tallahatchie county for further proceedings, in accordance with this opinion.