## JAS. F. SAMPLE, Guardian, *v.* LANE, MOORE & CO.

GUARDIAN AND WARD — GUARDIAN CANNOT MORTGAGE HIS WARD'S PROPERTY. — If on a crop of cotton to be raised, mules, stock and agricultural implements in which A. and minor heirs have a joint interest, A. gives a mortgage to secure supplies, executed in his individual capacity and as guardian of the heirs, the mortgage will bind his individual interest, but not the interest of his ward.

*Supra,* p. 480.

APPEAL from the chancery court of Tunica county. HAR-MON, Chancellor.

The facts appear in the opinion of the court.

*J. R. Chalmers*, for appellant.

1st. The bill shows that V. B. Waddell was but a guar dian of the minor heirs of W. W. Kerr, and as such he had no authority to mortgage their property for any purpose without an order of the court. The bill does not allege any such order and there was none. This court is the successor of the probate court, and the chancellor must judicially know that the probate court never did order the guardian to make such a mortgage. Austin v. Laman, 23 Miss. 189 ; Frelick v. Turner, 26 ib. 393 ; Gilbert v. McEachen, 38 ib. 469.

No counsel for appellees.

SIMRALL, J. :

Lane, Moore & Co. filed their bill in chancery to foreclose a mortgage executed by V. B. Waddell on his own account, and as guardian of the minor heirs of W. W. Kerr, deceased. This security was given, embracing mules, stock, agricul-tural implements and the crop of cotton, to protect an advance of $4,759 51, made by the complainants, to enable Waddell to produce a "crop of cotton, corn and other prod-uce for the year 1870, on the Kerr plantation in Tunica county. The mortgage was made by Waddell individually and as guardian. Waddell resigned, or was displaced from his trust, and guardianship was granted to Jas. F. Sample.

Sample, guardian, demurred to the bill, and assigned for cause that Waddell had no authority to bind the estate of his ward by the mortgage. The demurrer was overruled, and the cause is brought into this court by appeal.

Art. 149, Code 1857, p. 462, permits a guardian having "real estate" under his care to cultivate the same, with the stock and utensils of the ward or purchased with his money,

with the approbation of the court, or he may lease the same.

The theory of the law is, that there is no discretion intrusted to the guardian, to sell the property of his ward, or incumber it with debt, by simple contract or mortgage. It is made his duty, out of the income and revenues, to support and educate the minor, and he must have the express order and sanction of the court, to exceed the income ; if he does so without such authority he acts at his peril, and can claim no credit for it.    Gilbert v. McEachen, 38 Miss. 472.    The probate court must settle the sum to be expended in the education and maintenance of the orphan.    Art. 150, Code, 462.

So far as the bill shows, the guardian undertook and proceeded in this business, on his own responsibility, without the knowledge and sanction of the probate court.    The law contemplates that the court shall consider, whether it is best for the ward that the guardian shall cultivate the lands or lease them, and shall direct which shall be done. No authority is conferred by the statute to mortgage the property or any part of it, in order to obtain the means to produce crops.    The intent is, that the cultivation shall be with "the stock and utensils belonging to the orphan or purchased with his money."    The idea seems to be negatived that the guardian may procure the necessary things on credit, and thereby create a legal debt obligatory on his ward.

The averment of the bill is, that the debt was contracted, by Waddell on his individual account, as well as for the minor heirs, and that the mortgage was so executed, and also that the cultivation was on the joint account of Waddell and the heirs.    If this be so, to the extent of any personal interest of Waddell in the property mortgaged, including the crop, the complainants are entitled to relief against him.

We think the demurrer of Sample, guardian, ought to have been sustained and the bill dismissed as to the guardian of the minor heirs of Kerr.    But the bill may be retained,

as against Waddell, in order to subject any individual interest or property he may have included in the mortgage.

It is therefore ordered, that the decree of the chancellor be reversed, and judgment rendered here, sustaining the demurrer to the bill and dismissing the same as to Sample, guardian, and cause remanded.