M'Ewin et al. *v.* The State, 3 Smedes & Marshall, 120.

### Unlawful Retailing.

A party indicted under the statute for retailing spirituous liquors in less quantity than one gallon, may be punished by imprisonment as well as fine; therefore it is not error to issue a *capias* for his arrest, that being the proper process in such cases.

The sheriff acquires his authority to take recognizances of those whom he may arrest, on process from the circuit courts, from the statute, H. and H., 294, sec. 13, which invests him with discretion respecting the amount of security. The fact that the clerk, without the order of the court, directed the sheriff in the writ, as to the number and amount of bail, is immaterial.

Judgment was rendered on a recognizance made returnable to the 3rd Monday after the 4th Monday in April, at a court held on the 3rd Monday in March, the legislature having changed the time of holding the court from the former to the latter day, and directed all process to be returned to the latter; held not to be error.

When the parties have agreed to consider a plea as filed, and issue as joined, it is error to render judgment by default.

Appeal from the circuit court of Pontotoc county.

Indictment November term, 1841, of circuit court of Pontotoc county, against William Mann, for selling spirituous liquors in less quantities than one gallon. The clerk issued a *capias* and endorsed thereon, "Let the defendant be recognized, himself in the sum of $250, with two sureties in the sum of $125 each, conditioned as the law requires." On 3rd March, sheriff arrested Mann and took his recognizance in the sum of $200, and that of Wardlaw and M'Ewin, his sureties, in $190 each. On 23rd March, 1842, court having commenced its session on the 3rd Monday of that month, the defendant being called and making default, judgment *nisi* was taken, and *sci. fa.* ordered. At the next term the defendants appeared, and pleaded as follows: "*Nul tiel record,* and issue in short by consent;" to which the district attorney replied: "Replication and issue in short by consent." At the March term, 1843, the court rendered judgment against the defendants, by default, from which they appeal to this court.

*C. D. Fontaine,* for appellants.

The first error relied on is, that a *capias* issued on the indictment instead of a summons, or *venire facias* in nature of a summons, the proper process on all indictments for offenses inferior to felony or mayhem. 2 Hawkins, 395; 4 Black. Com., 318, Tucker's Edition.

The second error is, the clerk had no authority, in the absence of an order of the court, to command the sheriff to recognize the defendants, and require two sureties for his appearance in court.

The third error is, the variance between the amounts in which the defendant and sureties are respectively recognized, from those mentioned in the endorsement on the writ.

The fourth error is, the court had no right to render judgment by default, it appearing by the record that the defendants had filed the plea of *nul tiel record,* and issue taken thereon, by the district attorney.

Lastly, that the court erred in rendering a judgment on a recognizance, made returnable to the 3rd Monday after the fourth Monday in April, when in truth and in fact, the court was held on the 3rd Monday in March.

*John D. Freeman,* attorney general.

The first error assigned is that a *capias-*issued.  This process is proper on all indictments for offenses punishable by imprisonment as well as by fine.  The defendant could not be tried unless he was brought personally into court, and a summons would not have effected this object.  The sheriff had power, under the statute, to take the recognizances in the manner he did, and in the respective penalties.  The order of the clerk on the writ was but directory, and had no binding effect on the sheriff.

The fourth error is, that the default was taken, when the record showed a plea.  The record shows an agreement of counsel to file a plea of *nul tiel record* in short, but none such was filed, the default, therefore, was properly taken.  The last error assigned is, that the recognizance was made returnable to the April term, when the court was held in March.  The legislature after the giving of the recognizance, altered the time of the term from April to March, making all process, etc., returnable to that term.  Laws of 1842, page 221.

THACHER, J.:

This was an appeal from the Circuit Court of Pontotoc county.

The first objection stated is that a *capias* issued on an indictment for retailing spirituous liquors in less quantity than one

gallon, when the proper process was a summons or *venire facias* in the nature of a summons. The offense is punishable by imprisonment as well as fine, and a *capias* was the proper process to bring the body into court. Such process has long been in practice in England, after indictment, in the case of misdemeanors, and is the practice here, except in cases punishable by fine only. This, however, could not constitute error in any event.

It is next objected, that the clerk had no authority, without an order of the circuit court, to command the sheriff to recognize the defendant, and require two sureties for his appearance at court. This, also, even admitting it to be true, could not constitute an error that would affect the judgment below upon the *scire facias*, which has caused this appeal. A sheriff acquires his authority to take recognizances of persons whom he may arrest on the process of the circuit courts, from the statute H. H. 294, § 13. He is thereby invested with discretion respecting the amount of the security.

The objection that a variance exists between the amounts in which the defendant below and security are respectively recognized from those mentioned in the endorsement of the writ, cannot avail by reason of the power invested in the sheriff by the statute. Neither does it affect the judgment on the *scire facias*.

Again, it is urged, that a judgment was rendered on a recognizance, made returnable to the 3d Monday after the 4th Monday in April, at a court holden the third Monday in March. This resulted from a change by the legislature of the time of holding the terms of the circuit court of Pontotoc county, and in the returns of recognizances and process to that court. Acts of 1842, p. 221.

In fine, it is objected that the court rendered a judgment by default, while a plea of *nul tiel record* and issue, joined thereon, was filed in the action. There seems to have been an agreement by the representative of the state and the attorneys for the defendant, to consider such a plea and issue filed. In such a view, and it is a mode of making up pleadings in short, which we reluctantly recognize, the judgment by default was erroneous.

The judgment, for this reason, must be reversed, and the cause remanded for further proceedings.