## S. M. MURRAH VS. THE STATE.

1. HABEAS CORPUS: *Code of* 1871, *section* 2508.

    The revised code of 1871, § 2508, is constitutional. The fact that the court may imprison in the penitentiary or in the county jail does not affect the validity of the act, although it may be either a felony or a misdemeanor.

2. SAME: *Records of the court.*

    It is a rule well established, by reason and by adjudication, that the records of a court import absolute verity on their face. If the records could be impeached by parol evidence, their value would be utterly destroyed, and no adjudications could be rendered permanent or final. Records are of such high authority that their validity is not to be called in question. Nothing shall be averred against them, nor shall any plea or even proof be admitted to the contrary.

APPEAL from the Chancery Court of *Colfax* County.

HON. W. D. FRAZEE, Chancellor.

The appellant was tried and convicted at the —— term of the circuit court of Colfax county, for unlawfully marking the animals of another, without authority, and was sentenced by the court to three years imprisonment in the penitentiary. From this judgment, he sued out a writ of error, with a *supersedeas*, which case is now pending and undetermined in this court. Before the case was decided in this court, he sued out a writ of *habeas corpus* before the chancellor of his district, asking, not for bail, but to be discharged from the judgment and sentence of the circuit court, upon the grounds that said judgment was a nullity, etc. The writ was dismissed by the chancellor, and the prisoner remanded, and he appealed to this court.

He assigns, for error, the following:

1. The chancellor erred in excluding the testimony of F. S. White, L. F. Bradshaw, L. Brown, F. Barry, R. C. Beckett, John Stevens and Scott Sykes.

2. The chancellor erred in dismissing relator's petition and remanding to jail in the custody of the sheriff.

*Frank A. Critz*, appellant's attorney:

Contends that the Rev. Code of 1871, § 2508, is unconstitutional, and cites the following authorities: Donnell v. The State, 48 Miss., 673, 675; Code 1871, §§ 1296, 1397 and 1410; 1 Kent Com., top p. 621, marginal page 29; Code 1871, §§ 2508, 2631, 2855, 2865; 1 Bish. Cr. Law, (4 ed.), §§ 210, 580, 583, 638, 823, 846, 847; 2 id., §§ 36 and 162; 4 Black. Com., marginal page 135; Code 1871, § 2866; Kirby v. The State, 7 Yerg. (Tenn.), 259; M'Pherson v. The State, 9 id., 279; Thomas v. The State, 5 How., 20; Shines v. The State, 42 Miss., 331; Unger v. The State, id., 642; Code 1871, § 2508; Cannon v. Cooper, 39 Miss., 789; Donnell v. The State, 48 id., 673, 675; Code 1871, § 2751; State Const., art. 1, Bill of Rights, § 12; Const. U. S., Amendments, art. 13; 4 Black. Com., 362, marginal page; 1 Bish. Cr. Law, § 3618; 1 Bouv. Law Dict., p. 362; State Const., art. 1, Bill of Rights, § 8; U. S. Const. Amendments, art 8; Cooley Const. Lim., p. 328; McCauley v. The State, 26 Ala., 135; Ned. v. The State, 7 Porter (Ala.), 187; Roscoe Cr. Ev., p. 209; Cobia v. The State, 16 Ala., 781; Commonwealth v. Tuck., 20 Pick. (Mass.), 356; Mount v. The State, 14 Ohio, 295; 4 Black. Com., 350, marginal p.; Nelson v. The State, 47 Miss., 626, 632; Woods v. The State, 43 id., 372; Wilson v. The State, 42 id., 641; McQuillen v. The State, 8 S. & M., 587; Newcomb v. The State, 37 Miss., 383; Kohlheimer v. The State, 39 id., 558; The State v. Moore, Walker, 134; Price v. The State, 36 Miss., 544; Hare v. The State, 4 How., 187; Josephine v. The State, 39 Miss., 613; 1 Bishop Cr. Pr., §§ 113, 807, 815, 818, 819 and 827; id. Cr. L., §§ 858, 860; Wright v. The State, 5 Ind., 290; Same v. Same, 7 id., 324; Reese v. The State, 8 id., 416; Morgan v. The State, 13 id., 215; McCorkle v. The State, 14 id., 39; Kreps v. The State, 8 Ala., 951; Newsom v. The State, 2 Kelly (Ga.), 60; Reynolds v. The State, 3 id., 53; Harker v. The State, 8 Blackf., 540; Commonwealth v. Cook, 6 S. & R., 577, 596; People v. Barrett, 2 Caines, 304; The State v. I. S. S., 1 Tyler, 178; United States v. Shoemaker, 2 McLean, 114; Ward v. The State, 1 Humph., 253; Grable v.

The State, 2 Greene (Iowa), 559. While it is true that record imports absolute verity upon its face, it is also true that fraud vitiates everything. Cites the following authorities: Mandeville et al. v. Stockett et al., 28 Miss., 398; Shirley et al. v. Fearne, 33 id., 653; Ex parte George H. Adams, 25 id., 883; Yaple v. Titus, 41 Penn. St., 195; Freeman on Judg., §§ 117, 250, 318 and 336; Hurd et al. v. Smith et al., 5 How., 563; Niles et al. v. Anderson et al., id., 365; Ross v. Lane, 3 S. & M., 713; Person et al. v. Nevitt, 32 Miss., 184, 185; Fairly v. Thompson et al., 34 id., 104–5; Campbell v. Brown et al., 6 How., 114; McComb v. Ellett, 8 S. & M., 519; Bell v. Tombigbee R. R. Co., 4 id., 549; Buckingham v. Bailey, id., 538; Pass v. McRea, 36 Miss., 143; Garnett v. Cowlee, 39 id., 60; Ex parte Hickey, 4 S. & M., 751; Brian v. Williamson, 7 How., 17.

*G. E. Harris*, Attorney General, for the state:

If a party goes to trial without claiming the privileges guarantied to him, he is generally held to have waived them. Durrah v. The State, 44 Miss., 789; Stubbs v. The State, 49 id., 716; Price v. The State, 36 id., 531. The record imports absolute verity on its face, and cannot be impeached by parol. Mandeville v. Stockett, 28 Miss., 398; Shirley v. Fearne, 33 id., 653; Dogan v. Brown, 44 id., 235.

Tarbell, J., delivered the opinion of the court.

The plaintiff in error was indicted, tried and convicted in the county of Colfax, under § 2508 of the Code, which provides that, "if any person, knowingly, shall mark or brand any animal, the property of another, with a mark or brand not that of the owner, without the consent of the owner, or without authority of law, he shall, on conviction thereof, be imprisoned in the penitentiary, not more than three years, or be fined in a sum not more than five hundred dollars, or imprisoned in the common jail for a period not longer than one year, or both, in the discretion of the court."

Upon the verdict, the accused was sentenced to imprisonment

in the penitentiary for the period of two years. Soon after, a writ of *habeas corpus* was sued out before the chancellor of the proper district, praying the discharge of the relator. This was asked upon two grounds : 1. That the statute involved is unconstitutional; and 2. That the judgment is fraudulent and void.

In support of the first proposition, it was argued that this statute combines in one act a felony or a misdemeanor, without any line of demarkation or means of determining the grade of the offense, except in the discretion of the court. To maintain the other, it was proposed to prove by parol evidence, that the recital in the record of a trial by jury was not true. This evidence was rejected, and the relator was remanded to the custody of the sheriff, to be held in obedience to the conviction and sentence. Thereupon, the relator appealed to this court, and assigns for error, the action of the chancellor in refusing to hear the evidence offered contradicting the record, and remanding the relator to custody.

That the record imports absolute verity is a rule too well established in reason and by adjudication to be now questioned. If the contradiction or impeachment of a record by parol evidence were to be permitted in a single instance, the vaule of records would be utterly destroyed. With a solitary precedent, sanctioned by this court, there would follow a train of evils utterly impossible to estimate. Litigation would have no limit; the rights of parties would be without a final resting place; the sanctity and verity of records would give place to all the uncertainties, imperfections, infirmities and conflicts of the human mind ; and the courts would be powerless to render any adjudication permanent. The rules of law upon this subject are founded upon these evident principles, or axioms, that it is for the interest of the community that a limit should be prescribed to litigation, and that the same cause of action ought not to be brought twice to a final determination. 1 Greenl. Ev., § 522. See, also, 1 Ph. Ev., C., H. & E. notes, 581; 2 id., 2 ; 3 Bac. Abr., 533; 1 Ch. Bl., 349, side page ; 2 id., 25, top page.

In this state, the proposition under consideration has been both emphatically and pertinently decided in several cases. Mande-ville *v.* Stockett, 28 Miss., 398; Shirley *v.* Fearne, 33 id., 653; Dogan *v.* Brown, 44 id., 235. See, also, Gilbert *v.* McEachen, 38 id., 469; Burney *v.* Boyett, 1 How., 39; Dickson *v.* Hoff, 3 id., 165; Russell *v.* McDougall, 3 S. & M., 234; Steen *v.* Steen, 25 Miss., 513; Eakin *v.* Vance, 10 S. & M., 549. As in the case at bar, it was proposed in Shirley *v.* Fearne, *supra,* to impeach the record by the parol evidence of the clerk, and the proposition was very positively condemned. The points of decision in the two cases are almost precisely parallel.

No rule of law is older than the one indicated. Its antiquity is beyond ordinary research.

In Coke upon Littleton (by Thomas, vol. 3, 548, top p., book 3, ch. 10), these very interesting paragraphs are found: "Judgment, *judicium est quasi juris dictum,* the very voice of law and right, and therefore, *judicium semper pro veritate accipitu.* The ancient words of judgments are very significant. *Consideratum est,* etc., because that judgment is ever given by the court upon due consideration had of the record before them. Judgment, *judicium est quasi juris dictum,* so called, because so long as it stands in force *pro veritate accipitu,* and cannot be contradicted. And thereupon, antiquity called that excellent book in the ex-chequer, Domesday, *Dies judicii.*" See note, Tayler's Law Glos-sary, 152.

Another early English author says: "Records are the memori-als of the proceedings of the legislature, and of the king's courts of justice, preserved in rolls of parchment, and they are consid-ered of such authority that no evidence is allowed to contradict them. A record imports such absolute verity, that no person against whom it is admissible shall be allowed to aver against it." 2 Ph. Ev., C., H. & E. notes, p. 2, and cases cited in note 1.

Judgments and verdicts in the superior courts are always of record. They have, therefore, the character which belongs to all records, that they are not to be contradicted by evidence." 2 Ph. Ev., C., H. & E., notes, p. 2, and cases cited in note 1.

"The authorities," said Lord TENTERDEN, delivering the judgment of the court in the case of The King v. Carlile, 2 B. & Ad., 367, "are clear, that a party cannot be received to aver as error in fact, a matter contrary to the record."

Blackstone says: "Records of the court are of such a high and supereminent authority, that their truth is not to be called in question. For it is a settled rule and maxim that nothing shall be averred against a record, nor shall any plea, or even proof, be admitted to the contrary. And if the existence of a record be denied, it shall be tried by nothing but itself; that is, upon bare inspection whether there be any such record or no; else there would be no end of disputes." Chitty's Bl., vol. 2, top p. 21. And the same writer says: "A fine is so called because it puts an end, not only to the suit thus commenced, but also to all other suits and controversies concerning the same matters." Chitty's Bl., vol. 1, p. 281.

The evils that would follow favorable action upon the proposition of the appellant, it would be in vain to attempt to enumerate. They can be faintly conceived by a consideration of the almost numberless interests of the people, wherein light controversies arise. If the final judgments and decrees of the courts in these varied contests were allowed to be impeached by parol evidence, trade and commerce would be thrown into confusion, and chaos would reign over the business transactions of the community.

The proposition that the statute involved is unconstitutional is as untenable as the others. If the point made, that this statute devolves upon the court a discretion to punish by imprisonment in the penitentiary or in the county jail is valid and fatal, the same objection exists to numerous sections of the Code of 1871, following the Code of 1857. Code, §§ 2496, for willfully setting fire to the various structures, or articles of property enumerated; 2512, for accepting a bribe; 2513, a like penalty upon jurors, arbitrators or referees for taking a bribe; 2514, as to inspectors, clerks and canvassers at elections; 2517, for compounding or concealing felonies; 2518, the same; 2544, for intimidating an elect-

or; 2547, for embezzlement; 2550, for neglect of official duty in certain cases; 2563, permitting convicts to escape; 2710, for mayhem, etc. This legislation has the sanction of long standing and practice in this and other states. The Code of 1857 was the work of the best legal minds of our state, and the peers of the foremost of the country.

It was proposed to prove in this case, by parol evidence, that there was no jury trial; that a jury was impaneled, but by agreement of counsel, the case was withdrawn from the jury, and submitted upon the law and the facts, to the court, whose finding as to the guilt or innocence of the accused was to be entered as upon the verdict of the jury. This was done and the cause conducted to a conclusion without any objection or exception thereto. There was a motion for a new trial, but this action of the court was not included as a ground therefor, nor was the attention of the court called thereto in any way. No complaint was made of this in any form in the original cause, and not until after its conclusion, when the discharge of the accused was asked on *habeas corpus.*

It is now contended by counsel that this was a fraud which vitiates, and for which the judgment may be impeached. The action of the court was in accordance with the agreement of counsel, who declined to make it a ground for a new trial.

Between this case and the facts of those relied on by counsel, wherein fraud is held to vitiate the judgment, the distinction is clear and well defined. Campbell *v.* Brown, 6 How., 114; Hurd *v.* Smith, 5 id., 563; Niles *v.* Anderson, id., 386; Ross *v* Lane, 3 S. & M., 713; McComb *v.* Ellett, 8 id., 519; Person *v.* Nevit, 32 Miss., 181; Fairly *v.* Thompson, 34 id., 104.

If there was any fraud, it was upon the court.

Affirmed.