# LEWIS *v.* STATE.*

(En Banc.   April 8, 1929.)

[121 So. 493.   No. 27839.]

*Corpus Juris-Cyc References: *Habeas Corpus*, 29CJ, section 7, p. 14, n. 92; section 11, p. 19, n. 41; section 191, p. 169, n. 64.

See, also, 118 So. 708.

*Hilton & Hilton, James B. Sykes* and *Broom & Gober,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

Argued orally by *S. C. Broom*, for appellant, and *J. A. Lauderdale*, for the state.

SMITH, C. J. The appellant was convicted of murder and sentenced to be hanged. A few days prior to the day set for the execution of the sentence, he sued out a writ of *habeas corpus* alleging that he was unlawfully restrained of his liberty by the sheriff. The petition for the writ of *habeas corpus* alleges that the appellant was not tried by a lawful jury, for the reason that one of its members was not "of the county where the offense was committed," as required by section 26 of the Constitution.

The judgment under which the appellant is being held by the sheriff sets forth his plea of not guilty, and "whereupon came a good and lawful jury of twelve men composed of J. M. Little, J. H. O'Neal, W. W. Harris, W. L. Polk, Jack Smith, J. S. Little, Otha Crawford, N. J. Holmes, J. J. White, Henry Berry, Anse D. McLendon, and J. E. Layton, all of which named persons were elected, empanelled, charged and specially sworn and accepted by the state and the defendant, and their respective counsel, to well and truly try the issue joined between the state of Mississippi and the defendant, R. V. Lewis, and a true verdict render according to the law and evidence in said case and whereupon the jury was found qualified in every respect, and they were sworn and accepted as aforesaid in this cause," etc.

J. J. White is the juror alleged by the appellant to have been disqualified because "not of the county;" and it appears from parol evidence introduced by the appellant in the *habeas corpus* trial that White lives in Covington county a short distance from the line separating it from Simpson county, in which latter county appellant was tried and convicted. The writ was granted by Hon. T. Price Dale, chancellor of the Tenth district, who, when the case was heard by him on its merits, declined to discharge the appellant, but remanded him to the custody of the sheriff.

The appellant's contention is that the right to a trial by a jury "of the county" is fundamental and cannot be waived; consequently, the verdict rendered by the jury is void, and the court was without power to impose sentence thereon.

The state's contentions are: (1) That the defect alleged in the qualifications of the juror, Smith, is cured by section 264 of the Constitution; and (2) that the recital in the judgment under which the appellant is being held by the sheriff, that he was tried by a lawful jury of twelve men, imports verity and cannot be contradicted by parol in a *habeas corpus* proceeding.

The first of these questions will be pretermitted, for the reason the second must be decided in accordance with the state's contention.

This court is committed, in line with the great weight, if not all, of authority, to the proposition that where the trial court has jurisdiction of a defendant and of the crime with which he is charged, its record made on the trial imports verity and cannot be contradicted by parol in a *habeas corpus* proceeding.

In *Murrah* v. *State,* 51 Miss. 652, one of the relator's contentions, in a *habeas corpus* proceeding, was "that the judgment is fraudulent and void." In order to maintain this proposition, the relator sought "to prove by parol evidence, that the recital in the record of a trial by jury was not true. This evidence was rejected, and the relator was remanded to the custody of the sheriff to be held in obedience to the conviction of the sentence." The opinion of the court then proceeds in part as follows:

"That the record imports absolute verity is a rule too well established in reason and by adjudication to be now questioned. If the contradiction or impeachment of a record by parol evidence were to be permitted in a single instance, the value of records would be utterly destroyed.

With a solitary precedent, sanctioned by this court, there would follow a train of evils utterly impossible to estimate. Litigation would have no limit; the rights of parties would be without a final resting place; the sanctity and verity of records would give place to all the uncertainties, imperfections, infirmities and conflicts of the human mind; and the courts would be powerless to render any adjudication permanent. The rules of law upon this subject are founded upon these evident principles, or axioms, that it is for the interest of the community that a limit should be prescribed to litigation, and that the same cause of action ought not to be brought twice to a final determination. 1 Greenl. Ev., section 522. See, also, 1 Ph. Ev., C., H. & E. notes, 581; 2 Id. 2; 3 Bac. Abr. 533; 1 Ch. Bl. 349, side page; 2 Id. 25, top page.

"In this state, the proposition under consideration has been both emphatically and pertinently decided in several cases. *Mandeville* v. *Stockett,* 28 Miss. 398; *Shirley* v. *Fearne,* 33 Miss. 653, 69 Am. Dec. 375; *Dogan* v. *Brown,* 44 Miss. 235. See, also, *Gilbert* v. *McEachen,* 38 Miss. 469; *Burney* v. *Boyett,* 1 How. 39; *Dickson* v. *Hoff's Adm'r,* 3 How. 165; *Russell* v. *McDougall,* 3 Smedes & M. 234; *Steen* v. *Steen,* 25 Miss. 513; *Eakin* v. *Doe ex dem. Vance,* 10 Smedes & M. 549, 48 Am. Dec. 770. As in the case at bar, it was proposed in *Shirley* v. *Fearne,* 33 Miss. 653, 69 Am. Dec. 375, *supra,* to impeach the record by the parol evidence of the clerk, and the proposition was very positively condemned. The points of decision in the two cases are almost . . . parallel. No rule of law is older than the one indicated. Its antiquity is beyond ordinary research."

The rule there so clearly announced has been consistently followed by this court, and has long since ceased to be open to review. The same conclusion was recently arrived at by the supreme court of the United States in *Riddle* v. *Dyche,* 262 U. S. 333, 43 S. Ct. 555, 67 L. Ed.

1009. In *Scott* v. *State,* 70 Miss. 247, 11 So. 657, 35 Am. St. Rep. 649, the record recited a conviction by a jury composed of only eleven men. The state proved on the *habeas corpus* trial that this was a clerical error and that the relator had been, in fact, tried by a jury of twelve men. On this evidence the relator was remanded to the custody of the sheriff. This court, when the case came to it on appeal, held that this evidence could not be taken into consideration, but that the case must be tried on the record, from which it appeared that the relator had not been tried by a lawful jury. In all of the cases in which this court has dealt with this question it has confined its investigation to the record. *State* v. *Chambliss,* 142 Miss. 256, 107 So. 200, is no exception, for the reason that the verdict of acquittal on which the trial court declined to discharge the relator was returned into court by the jury, and was, by order of the court, filed by the clerk, thereby becoming a part of the record of the trial.

Section 26 of the Constitution not only provides that the jury must be ''of the county,'' but that it shall be ''impartial.'' One of these qualifications is just as essential as the other; and, if either of them is open to review on parol evidence in a *habeas corpus* proceeding, the other must also be. The trial court must decide both of these qualifications on the evidence, and its decision thereon, like its decisions on all other questions of fact arising at the trial, is open to review only on an appeal to the supreme court. The appellant appealed from the judgment of conviction to this court (*Lewis* v. *State,* 118 So. 708), and no ruling of the court on the competency of this juror was there assigned for error, so that the case comes within the rule announced in *Ex parte Golding,* 148 Miss. 233, 114 So. 385. That the appellant did not learn, as he claims—and we presume the fact is—of the disqualification of the juror until after his appeal had been decided by this court, cannot be here taken

into consideration. To hold otherwise would open the door for a collateral attack on judgments for other similar reasons, and there would then be no end to the possibilities for the continuance of litigation.

We have left out of view section 1413, Code 1906 (section 1229, Hemingway's 1927 Code), and express no opinion on its effect, if any here.

The only error committed by the chancellor below was in granting the writ, which we presume he did on the theory that the granting of such a writ on an application therefor is mandatory. Such is not the fact. Section 2449, Code 1906 (section 2149, Hemingway's 1927 Code) requires that "the facts and circumstances of the restraint, with the ground relied on for relief," be set forth in a petition for a writ of *habeas corpus;* and section 2450, Code 1906 (section 2150, Hemingway's 1927 Code) provides that: "If from the showing made by the petition for *habeas corpus* it be manifest that the person by whom, or on whose behalf, it is presented is not entitled to any relief thereby, the judge or chancellor may refuse to grant the writ, indorsing on the application his reason therefor."

*Affirmed.*