544 So.2d 1387 (1989)
STATE of Mississippi
v.
Carl TAYLOR.
No. 59624.
Supreme Court of Mississippi.
May 31, 1989.
Mack A. Bethea, Gulfport, for appellant.
Mike Moore, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:
This appeal of a grand larceny conviction presents a question of procedure regarding the handling of a verdict returned by the jury. Because below the jury returned in proper form a verdict of not guilty which the Circuit Court received and ordered filed, the accused stands effectively and *1388 irrevocably acquitted and the subsequent jury deliberations of no effect. Upon the Attorney General's confession of error, we reverse.
On June 25, 1987, Carl Taylor was indicted by a Grand Jury of the First Judicial District of Harrison County, Mississippi, for the crime of Grand Larceny. On February 24, 1988, the case was called for trial on the merits of the issue. At the conclusion thereof and after deliberation, the jury returned into open Court a verdict of not guilty. The verdict thus rendered was ordered filed upon the minutes of the Court. Upon a poll of the jury thereafter requested by the State, the Court ascertained that one juror did not agree with the verdict. The Court then ordered the jury to retire and consider further. Some thirty minutes later, the jury returned into open Court a verdict that Taylor was guilty as charged. The Court accepted that verdict and subsequently sentenced Taylor to serve a term of three (3) years in the custody of the Mississippi Department of Corrections.
The dispositive question on appeal is whether the Circuit Court erred in polling the jury after it had ordered the verdict recorded by the clerk, and, when one juror disavowed the verdict, returning the jury for further deliberations.
The operative facts are sequentially recited:
1. The jury knocked, signifying the conclusion of its deliberations;
2. The Court inquired if a verdict had been reached;
3. The jury signified that a verdict had been determined;

4. The Court received the verdict from the jury and ascertained that it was in correct form;

5. The Court announced the verdict;

6. The Court ordered the verdict filed;

7. The State requested a poll;
8. A juror declined to accept the verdict as his own;
9. The jury was ordered returned for further deliberations, which resulted in a finding of guilty.
In State v. Chambliss, 142 Miss. 256, 107 So. 200 (1926), this Court found error in a similar circumstance where the jury returned a verdict of acquittal which the circuit court subsequently set aside, returning the jury for further deliberation. In its original rendition, the verdict had been in proper form, had been responsive to the issues, had been received in open Court, and had been ordered filed. This Court held that the circuit court had no right to set aside the verdict so rendered, nor to require the jury to return and deliberate further.
The matter so engaged the attention of the Court that it was moved thus to state:
[t]he right of trial by jury is one of the most sacred constitutional rights that a citizen has, and it would have but little value were it in the power of the trial judge to refuse to receive it or act upon it when it is received, provided it is in due form and responsive to the issues.
* * * * * *
When a verdict is rendered into open court in due form, responsive to the issues, and signed by the jury, the defendant's right to acquittal becomes complete. Of course, the court may poll the jury by asking it is agreed in its verdict, but the court has no power to require a jury to acquiesce in an agreement that deprives a citizen of his life or liberty. [emphasis added]
Id., 107 So. at 202.
The Chambliss holding applies where, as noted, a verdict is rendered in proper form in open court, accepted, and ordered filed. See, e.g., Lewis v. State, 153 Miss. 759, 121 So. 493, 495 (1929); Serio v. City of Brookhaven, 208 Miss. 620, 45 So.2d 257, 260 (1950); Anderson v. State, 231 Miss. 352, 95 So.2d 465, 467 (1957).
Rule 5.15, Miss.Unif.Crim.R.Cir.Ct.Prac. (1979), would seem to allow as an alternative the granting of a mistrial. That rule provides in pertinent part,
Upon motion of a party or its own motion, the Court may declare a mistrial if:
* * * * * *

*1389 (3) Upon a poll of the jury there is not unanimous concurrence with the verdict returned.
The dispositive mechanism, however, resides in the express imperative of Rule 5.14: "[p]rovided, however, that no motion to poll the jury shall be entertained after the jury is discharged or the verdict recorded [emphasis added]."
This last pronouncement raises a question of its own: does the Court's order, "[t]he clerk will file the verdict ... [,]" amount to a recording of the same? Chambliss suggests that the effect of the order is the same as though it is actually entered of record on the pages of the minute book: plainly, such entry is the intent of the Court's imperative in Chambliss: "... and the clerk was directed by the judge to mark it filed [;]" and the Court's command in the instant cause: "The clerk will file the verdict... ." Chambliss, 107 So. at 201.
Plainly, in the cause sub judice, the verdict was examined for form and responsiveness to the issue, was read in open court, and ordered filed prior to a poll being taken. That procedure has transgressed the rule of law in Chambliss and in Rule 5.14, in consequence of which Carl Taylor must be finally discharged. U.S. Const., Amdts. V and XIV; Miss. Const. Art. 3, § 22 (1890); Harden v. State, 460 So.2d 1194, 1200 (Miss. 1984).
To the end that what occurred in this case may be avoided in the future, the better practice a circuit court might employ in receiving a verdict may consist of the following:
(1) After a signal from the jury, the court may order the jurors assembled in open court and inquire of them if a verdict has been reached;
(2) Upon an affirmation of its question, the court should inquire if the verdict is, in fact, the verdict of each member of the jury;
(3) Upon an affirmation of the jury, the verdict should be handed to the court for the judge to ascertain whether or not it is in proper form and responsive to the issues;
(4) The verdict should then be read in open court;
(5) The prosecution and defendant may be asked if either desires a poll of the jury;
(6) The poll, if requested, may be taken, and
(7) Only thereafter, the court should order the verdict filed by the clerk.
If there is a negative response to (2) or to (6) above, the court would have two options. It can either return a jury for further deliberation under the aegis of Rule 5.14, Unif.Crim.R.Cir.Ct.Prac., or it may of its own motion or of either party direct a mistrial pursuant to the paragraph (3) of Rule 5.15 of the Uniform Criminal Rules.
As indicated at the outset, the State has confessed error in this case. In every criminal trial and appeal the State of Mississippi and its people have three separate, though not wholly distinct, interests: (1) the prosecutorial interest, in seeing that offenders are brought to trial and vigorously prosecuted, (2) the defense interest, in seeing that in the course of each such prosecution the accused enjoys the rights the constitution and law allow him, and (3) the justice interest, in seeing that in the end the disposition of the charge accords with the rule of law. The Office of the Attorney General has this day acted in the furtherance of all three of the interests it has been charged to promote. For this, that Office has earned the respect and appreciation of this Court and the people.
This said, the judgment of the Circuit Court is reversed and Carl Taylor, Defendant below and Appellant here, shall be, and he hereby is, fully and finally discharged.
CONVICTION OF GRAND LARCENY REVERSED AND DEFENDANT/APPELLANT CARL TAYLOR DISCHARGED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.