## THORNHILL *v.* STATE

No. 42667          January 21, 1963          149 So. 2d 27

*Philip Singley, Roy J. Goss,* Columbia, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

LEE, P. J.

Desolee Thornhill has applied to this Court for permission to file a petition for a writ of error coram nobis in the Circuit Court of Marion County for the purpose

of setting aside her plea of guilty to homicide and obtain a trial for the purpose of determining her guilt or innocence.

As regards the background of this case, the following history should be given: Desolee Thornhill was indicted in the Circuit Court of Marion County for the crime of murder. Counsel was appointed for her, and, on the same day, she pled guilty and was sentenced to a term of life imprisonment in the state penitentiary. On the last day of the term, upon the State's motion, the charge was reduced to manslaughter, and she was sentenced to serve a term of twenty years in the penitentiary. After court had adjourned, she employed counsel, and, by motion, asked to withdraw her plea of guilty to manslaughter and that she be allowed a trial on the merits. The State asked to dismiss her motion on the ground that it was filed after court had adjourned, and the State's contention was upheld. Upon appeal here, that judgment was affirmed. 240 Miss. 131, 126 So. 2d 527.

After her incarceration in the state penitentiary, she, along with another, sought release by habeas corpus; but that court sustained the demurrers by the State, and granted no relief. The judgment in that case was affirmed by this Court. 240 Miss. 610, 128 So. 2d 547. But, in the opinion in that case, it was suggested that, if the appellants had any remedy whatever, it was by writ of error coram nobis, and particularly called attention to Sec. 1992.5, Code of 1942, Rec., Chap. 250, Laws of 1952.

Subsequently, the other party in the previous proceeding, Basel Rogers, filed an application in this Court for permission to file in the circuit court a petition for writ of error coram nobis which was held sufficient to show probable cause for the issuance of the writ. 241 Miss. 593, 130 So. 2d 856. The application was filed accordingly; but, after a hearing, a judgment was entered dismissing the same. On appeal, this Court held

that Rogers, at the time of his entry of the plea of guilty to homicide, did not have the requisite advice by counsel; that the plea of guilty was not voluntary; and that it was not binding on him. Consequently the cause was reversed and remanded for arraignment and trial. Rogers v. State, 243 Miss. 219, 136 So. 2d 331.

The application and exhibits thereto in this cause, to all intents and purposes, contained practically the same allegations and charges as were set up by Rogers in his application. The Attorney General, while contending that the proof is not as strong in the present case as it was in the Rogers' application, concedes that the same primary matters are charged in this application as were set forth in the application of Rogers.

(Hn 1) The application and exhibits, in the opinion of the Court, are sufficient to show probable cause for the issuance of the writ of error coram nobis, and leave to file the application for that purpose in the Circuit Court of Marion County is granted. Obviously the trial judge, who passed upon this matter originally, will recuse himself and the matter will be heard by a special judge, or a regular judge from another district.

Application for permission to file petition for writ of error coram nobis is hereby granted.

All Justices concur.