Sammy Bianez **CHAVEZ**, Appellant,

v.

Lawrence E. **WILSON**, Warden, Appellee.

No. 22697.

United States Court of Appeals
Ninth Circuit.

Oct. 9, 1969.

* Honorable Bailey Brown, Chief Judge of the United States District Court for the Western District of Tennessee, sitting by designation.

Sammy Bianez Chavez, in pro. per.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg, Timothy A. Reardon, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and SMITH*, District Judge.

DUNIWAY, Circuit Judge:

Chavez appeals from an order denying a writ of habeas corpus without hearing. He is a California prisoner who pled guilty to a charge of petty theft with a prior petty theft conviction (a felony), and to a charge of possession of narcotics (heroin) for sale, with prior felony and narcotics convictions. He was sentenced under both convictions on the same day; the sentences are concurrent. He attacks only his conviction of the narcotics offense.[1]

The only ground stated for granting the writ that appears to have any merit is that Chavez entered his plea in reliance on a promise, and without understanding its consequences. We set out his allegations in the margin.[2] In es-

---

\* Honorable Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

1. If his narcotics conviction is set aside, Chavez indicates that he will have served enough time on the theft conviction to be eligible for parole. See Imbler v. Oliver, 9 Cir., 1968, 397 F.2d 277.

2. In the form petition prescribed by the District Court, Chavez alleges:
   "Counsel \* \* \* promised petitioner the judge had agreed to sentence petitioner to the hospital. \* \* \*
   "The plea was entered \* \* \* on the promise of the petitioner being sent to the hospital. Petitioner was unaware a guilty plea would result in a prison sentence."
   In a more detailed statement, attached to the petition, Chavez alleges:
   "On or about February 1, 1965, petitioner was asked to enter a plea of guilty to a charge of violation of Section 11500 of the Health and Safety Code, to wit; Possession of Heroin.

Counsel entered Chambers with the District Attorney and Judge where a discussion took place out of petitioner's presence. Counsel told petitioner, following the conference, that if petitioner would plead guilty the Judge was willing to recommend petitioner to the Narcotic Hospital for treatment. Petitioner, after being informed of this, did enter a guilty plea expecting to be referred to Department #95 for said committment [sic]. Following the plea of guilty, however, the Judge sentenced petitioner to the term prescribed for by law in case No. 291,603 with the recommendation that petitioner receive the treatment through the Department of Corrections and also sentenced to the term prescribed for by law in case No. 296,744, to run concurrent and the priors in both cases were found to be true and also a further recommendation made that petitioner receive treatment through the Department of Corrections. The prior convictions aggravated petitioner's committment [sic] thus the sentence is Ten (10) years to Life. \* \* \*

sence, Chavez makes two claims: 1. That he pled guilty because he was promised that he would be sent to the hospital and 2. that he did not know that he could be sent to prison. .

These allegations stretch credulity almost to the breaking point. We would have thought that, if they are true, both Chavez and his counsel would have protested when, at sentencing, the court did not exercise its power to start proceedings to have Chavez committed to the state narcotic detention, treatment and rehabilitation facility, but instead sentenced him for the term prescribed by law, with only a recommendation that he be given treatment at the facility.[3] Yet neither of them protested. Moreover, when Chavez entered his plea, the following occurred:

"THE COURT: Has anybody made you any promises of a lesser sentence, probation, reward, immunity or anything else in order to induce you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Do you understand the matter of probation and sentence is to be determined solely by this Court?

THE DEFENDANT: Yes.

THE COURT: Are you pleading guilty because in truth and in fact you are guilty and for no other reason, is that correct?

THE DEFENDANT: Yes."

The District Judge relied on this colloquy in denying the writ.

Nevertheless, nowhere in the transcript of the proceedings on the plea or on the sentencing does it appear that anyone told Chavez what the possible punishment was, or asked him if he knew what it was. Nor did Chavez state that he knew what it was. Moreover, in his traverse Chavez says his counsel told him not to say anything about the claimed agreement while being sentenced.

Under the circumstances, we cannot say that the record demonstrates that Chavez is entitled to no relief. The contention that a guilty plea was not entered knowingly or voluntarily can seldom be resolved without a hearing because most allegations that the plea was induced by lack of knowledge or by a broken promise, or by some other improper factor, involve facts outside the record. See, e. g., Bright v. Rhay, 9 Cir., 1968, 391 F.2d 915; Smiley v. Wilson, 9 Cir., 1967, 378 F.2d 144; Johnson v. Wilson, 9 Cir., 1967, 371 F.2d 911; Doran v. Wilson, 9 Cir., 1966, 369 F.2d 505; Gilmore v. California, 9 Cir., 1966, 364 F.2d 916. These cases, we think, require that Chavez be given a hearing.

The order is reversed, and the matter is remanded for further proceedings consistent with this opinion.

---

Counsel assured petitioner upon consulting the Judge and Prosecuting Attorney in chambers, that if petitioner would plead guilty the Judge was willing to recommend petitioner to the Narcotic Hospital for treatment in compliance with Section 6451 of the Penal Code. * * * At no time did counsel or the court advise petitioner that the 'guilty plea' could or would result in a prison sentence."

In his traverse to the return of the prison warden to the court's order to show cause, Chavez says:

"It stands uncontidicted [sic] that the Petitioner would plead guilty freely, voluntary [sic], and without threats or fear because it was Petitioner's understanding that he would be sent to the hospital for necessary treatment in exchange for the guilty plea. Prior to entering the guilty plea counsel advised Petitioner not to say anything in court in regards to the agreement while being sentenced."

3. The facility is under the jurisdiction of the California Department of Corrections. (Cal.Welf.&Inst.C. § 3001, formerly Cal. Pen.C. § 6400.) California law permits the trial judge, upon conviction of a crime in Superior Court, if it appears that the defendant is a narcotic addict, to adjourn proceedings or suspend sentence, conduct proceedings to determine the fact of addiction, and commit the defendant to the facility for treatment. (Cal.Welf.&Inst.C. § 3051, formerly Cal. Pen.C. § 6451.) If the defendant is thereafter rehabilitated, the criminal charge may be dismissed (Cal.Welf.&Inst. C. § 3200, formerly Cal.Pen.C. § 6520).