INZER, Justice:
This is an appeal by the State of Mississippi from an order of the Chancery Court of Newton County granting a writ of ha-beas corpus on petition of Andrew J. Nicholson on the ground that his probation was wrongfully revoked by the Circuit Court of Newton County. We reverse and render.
The petition for the writ of habeas corpus alleged that the petitioner was confined in the Mississippi State Penitentiary as the result of an order of the Circuit Court of Newton County revoking his probation because petitioner had been convicted on a charge of reckless driving in the City Court of Newton, Mississippi, and had paid a fine. It was also alleged that upon appeal to the circuit court a nolle prosequi was entered upon the charge on motion of the city and that this motion had the effect of a judgment of not guilty by the court. It was charged that under these circumstances the deprivation of petitioner’s liberty was in violation of his constitutional rights.
The chancellor ordered the writ to issue and upon a hearing, the facts were stipulated and are as follows:
STIPULATION
A. N. (sic) Nicholson was indicted at the March 1969 term of Circuit Court of Newton County, Mississippi on a charge of manslaughter by culpable negligence. He pled guilty to this charge on March 26, 1969, and was sentenced to serve a term of S years in the State Penitentiary, but the sentence was suspended and he was placed on probation for a period of S years.
On March 27, 1972, an affidavit was filed in the Circuit Court of Newton County by the probation officer charging that petitioner was in violation of the conditions of his probation by “being convicted on a charge of reckless driving in City Court, Newton, Mississippi, and paying a fine.”
The reckless driving case was appealed by petitioner to the Newton County Circuit Court, and on August 29, 1972, the Circuit Court of Newton County, upon motion of the City of Newton, entered a nolle prosequi in connection with the charge of reckless driving.
Copies of the probation order, affidavit of the probation officer, order of revocation of probation and order of nolle prosequi and dismissal are attached to this stipulation and made a part hereof, and it is further stipulated that these copies are true copies of said orders and affidavit.
As we understand the opinion of the chancellor, he found that since the conviction of reckless driving was not prosecuted in Circuit Court, the record of conviction by the municipal court was not sufficient evidence to support a revocation of the probation. A decree was entered granting the writ of habeas corpus and ordering the Superintendent of the Penitentiary to release Andrew J. Nicholson from the penitentiary.
On appeal the state raises the question of whether a writ of habeas corpus is *822 a proper proceeding to test the sufficiency of the evidence to support an otherwise valid order revoking a suspension of sentence. We hold that it is not.
We have heretofore determined this question in several cases. Ray v. State, 229 So.2d 579 (Miss.1970), involved a suspension of a penitentiary sentence. In holding that a writ of habeas corpus is not a proper proceeding to test the sufficiency of the evidence introduced in a revocation hearing before the trial court, we said:
Habeas corpus proceeding is not a method of appeal nor is it a method of deciding the sufficiency of evidence introduced in a hearing before the trial court. It may not be used as a post conviction remedy, and is not a method of obtaining a new trial. Petitioner is not entitled to a release on a writ of habeas corpus as long as the trial court had jurisdiction under a valid law and rendered a valid judgment. Ledbetter v. Bishop, 210 So.2d 880 (Miss.1968); Allred v. State, 187 So.2d 28 (Miss.1966); Smith v. State, 155 So.2d 494 (Miss.1963); Jackson v. Waller, 248 Miss. 166, 156 So.2d 594 (1963); Donnell v. State, 48 Miss. 661 (1873).
(229 So.2d at 581).
Furthermore, we said in State v. Ridinger, 279 So.2d 618 (Miss.1973):
A judge in a habeas corpus proceeding has no authority to modify, change, add to or set aside proceedings in another court, although the judge in the habeas corpus proceeding is the same judge who acted in the court where the order sought to be modified or changed by the habeas corpus proceeding was entered or proceedings were had. Allred v. State, 187 So.2d 28 (Miss.1966); 25 Am.Jur., Habeas Corpus § 55, at 184 (1940).

Moreover, a habeas corpus writ will not issue to release a person convicted of an offense nor any person suffering imprisonment under lawful judgment. Section 2816, as amended by Ch. 365, § 1 [1966] Miss.Gen.Laws 666. See also Allred v. State, 187 So.2d 28 (Miss.1966); Smith v. State, 155 So.2d 494 (Miss.1963); Rogers v. Jones, 240 Miss. 610, 128 So.2d 547 (1961).
A habeas corpus proceeding may not perform the function of an appeal unless the original judgment sentence was void. Jackson v. Waller, 248 Miss. 166, 156 So.2d 594 (1963); McLemore v. Love, 197 Miss. 273, 19 So.2d 828 (1944); Kelly v. Douglas, 164 Miss. 153, 144 So. 237 (1932); 25 Am.Jur., Habeas Corpus § 26 at 159 (1940).
(279 So.2d at 619).
The judgment of the circuit court revoking appellee’s suspension of sentence shows on its face that appellee and his attorney were present at the revocation hearing. The court had jurisdiction, and the order revoking the suspension of sentence shows on its face that it is a valid order. Therefore, it is apparent that the chancellor was in error in granting the writ of habeas corpus. The only remedy available to appellee is by a motion or a petition supplemental to the writ of error coram nobis filed in the court revoking his sentence. Lang v. State, 230 Miss. 147, 87 So.2d 265, 89 So.2d 837, 92 So.2d 670 (1957).
For the reasons stated the order of the chancery court granting the writ of habeas corpus is reversed and judgment will be entered here denying the writ.
Reversed and rendered.
RODGERS, P. J., and ROBERTSON, WALKER, and BROOM, JJ., concur.