440 So.2d 278 (1983)
Sylvester SANDERS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 54210.
Supreme Court of Mississippi.
September 21, 1983.
Rehearing Denied November 16, 1983.
*280 Sylvester Sanders, pro se.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Asst. Atty. Gen., Jackson, for appellee.
En Banc.
*281 ROBERTSON, Justice, for the Court:

I.
Sylvester Sanders brings this appeal from the Circuit Court's refusal to allow him to withdraw guilty pleas entered to two separate charges of aggravated assault. Miss. Code Ann. § 97-3-7(2) (1982 Supp.). Upon those pleas the Circuit Court had sentenced Sanders to two, consecutive 17 year terms. In an affidavit filed in support of his application, Sanders charges that he entered the pleas in reliance upon his lawyer's assurances that he would receive two, consecutive five year sentences. His lawyer advised that he lie at the plea hearing, telling the trial judge that his plea was not induced by promise of preferred sentencing treatment  or so Sanders says. All of this, he argues, rendered his pleas involuntary and unknowing and thus constitutionally infirm.
The Circuit Court denied Sanders' application for an evidentiary hearing and dismissed his petition. Because the papers make out a prime facie case for relief, thus entitling Sanders to the opportunity to establish his claims, if he can, at an evidentiary hearing held in open court, we reverse.

II.

A.
In an indictment returned by the Coahoma County Grand Jury, Sylvester Sanders was charged with aggravated assault committed on January 8, 1981, when he fired a .38 caliber pistol at Charles Wells. In a companion indictment, Sanders was charged with a similar aggravated assault on one Betty Hudd, also committed on January 8, 1981. From the record before us it is apparent that Sanders shot and seriously wounded Wells and Hudd.
Upon arraignment on each of the two charges of aggravated assault, Sanders entered a plea of not guilty. Two competent and reputable attorneys from Clarksdale, Mississippi, were appointed to represent him.
On August 11, 1981, Sanders appeared before the Circuit Court of Coahoma County with his two attorneys. At that time he announced in open court that he wished to withdraw his not guilty pleas and enter a plea of guilty to each charge. One of Sanders' attorneys likewise announced to the Court that Sanders wished to withdraw the previously entered pleas of not guilty and in lieu thereof enter a plea of guilty to each charge.
At this time, the Circuit Judge carefully and meticulously interrogated Sanders to ascertain whether the pleas of guilty being tendered were "knowingly, understandingly, freely and voluntarily [being] made". Under oath and in the presence of his attorneys, Sanders acknowledged that he had committed each of the aggravated assaults with which he had been charged. In the course of his interrogation, the following colloquy took place between the Circuit Judge and Sanders:
BY THE COURT: Mr. Sanders, you've heard Mr. Beckham, the Assistant District Attorney, advise the Court his office does not make any recommendation as to a specific sentence you will receive. Has anybody led you to expect the State would recommend a particular sentence if you entered a plea of guilty?
BY THE DEFENDANT: No, sir.
BY THE COURT: Has anyone led you to expect the State would recommend to the Court any specific number of years if you entered a plea of guilty?
BY THE DEFENDANT: No, sir.
BY THE COURT: Do you understand that the maximum sentence that can be imposed on your plea of guilty in each one of these cases is twenty years in each case? That is, the Court could impose a maximum of twenty years on you in each case without suspending any portion of this sentence and the Court could require the sentences to run consecutive; that is, one following the other or a total of forty years. Do you understand that?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: Do you understand that even though a recommendation may *282 later be made, the Court is not bound by any recommendation made but the Court itself will decide what sentence you will receive? Do you understand that?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: Knowing these things, are you sure you still want to enter a plea of guilty in each of these cases?
BY THE DEFENDANT: Yes, sir.
* * * * * *
BY THE COURT: Has anyone promised you anything in order to get you to plead guilty?
BY THE DEFENDANT: No, sir.
BY THE COURT: Have your attorneys or any other officers of this Court made any threats or promises to you in any case on the docket of this Court?
BY THE DEFENDANT: No, sir.
BY THE COURT: Has anyone told you that the Court; that is, I would be any lighter on you simply because you entered a plea of guilty?
BY THE DEFENDANT: No, sir.
* * * * * *
BY THE COURT: Mr. Sanders, are you satisfied with the services of your attorneys?
BY THE DEFENDANT: Yes.
BY THE COURT: Have either of them threatened you in any manner or promised you anything in order to get you to plead guilty?
BY THE DEFENDANT: No, sir.
BY THE COURT: Do you believe they have given you good advice on entering these pleas of guilty at this time?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: Do you believe they have properly represented you in these cases and in all stages and phases of this case?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: I have attempted to question you thoroughly about your plea of guilty in both of these cases to be satisfied that you're fully acquainted with your rights. Do you still wish to plead guilty?
BY THE DEFENDANT: Yes, sir.
BY THE COURT: The Court finds in Case Number 6351 that the plea of guilty of the Defendant, Sylvester Sanders, is intelligently, understandingly, freely and voluntarily made. The plea of guilty is accepted.
On August 12, 1981, the Circuit Court sentenced Sanders to a term of 17 years for the aggravated assault committed on Charles Wells. Immediately thereafter, the Court sentenced Sanders to a separate term of 17 years for the aggravated assault committed on Betty Hudd, the second 17 year sentence to run consecutively with the first. The net effect of the sentences imposed was that Sanders stood committed to the custody of the Mississippi Department of Corrections for an aggregate term of 34 years.

B.
On May 17, 1982, Sanders brought the present proceedings in the Circuit Court of Coahoma County. He charged that each plea had been induced by fear, coercion, inadvertence, promise and persuasion of his attorney and that he lacked a full understanding of the consequences of his guilty pleas.[1] In his affidavit supporting his application Sanders specifically charged

*283 Petitioner states that his attorney persuaded him to enter a plea of guilty, to two (2) counts of aggravated assault by promising him that he would receive two (2) five (5) year sentences; rather than face the threat of two (2) forty (40) year sentences, if he did not plead guilty.
On June 22, 1982, the Circuit Court summarily denied Sanders' application without a hearing, stating:
"That the Petitioner apparently now claims (under oath) that he committed perjury before this Court on the date his plea of guilty to the subject charges was accepted as reflected in said Transcript of Proceedings. The Court finds such claim to be without merit and unacceptable. The Transcript of Proceedings taken down by the court reporter in open court clearly reflects that the motion and affidavit in support of motion now before the Court are without merit and should be denied".
This appeal has followed.

III.
A brief summary of the applicable substantive law is appropriate. A plea of guilty constitutes a waiver of some of the most basic rights of free Americans, those secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Sections 14 and 26, Article 3, of the Mississippi Constitution of 1890. See Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969); Phillips v. State, 421 So.2d 476, 479 (Miss. 1982).
Where a plea of guilty has been intelligently and voluntarily entered, it is sufficient to undergird an unassailable final judgment of conviction. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). On the other hand, where the plea is involuntary any judgment of conviction entered thereon is subject to collateral attack. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
The question whether a plea of guilty was a voluntary and knowing one necessarily involves issues of fact.[2] Advice received by the defendant from his attorney and relied upon by him in tendering his plea is a major area of factual inquiry. Chavez v. Wilson, 417 F.2d 584, 586 (9th Cir.1969). For example, counsel's representation to the defendant that he will receive a specified minimal sentence may render a guilty plea involuntary. Mosher v. Lavallee, 491 F.2d 1346 (2d Cir.) cert. denied, 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974). Where defense counsel lies to the defendant regarding the sentence he will receive, the plea may be subject to collateral attack. Where defense counsel advises the defendant to lie and tell the court that the guilty plea has not been induced by promises of leniency (when in fact it has), the plea may be attacked.[3] The law is clear that where the defendant receives any such advice of counsel, and relies on it, the plea has not been knowingly and intelligently made and *284 is thus subject to attack. Burgin v. State, 522 S.W.2d 159 (Mo. App. 1975).
This Court has gone further and has recognized that mistaken advice of counsel may in some cases vitiate a guilty plea. In Baker v. State, 358 So.2d 401 (Miss. 1978), this Court stated:
If, as alleged, appellants pleaded guilty under the mistaken advice that they could be subject to capital punishment if convicted at trial, this then, is a factor which may make appropriate a collateral attack ... Such allegation, if true, indicates that defendants were not fully aware of the implications of their plea nor of the true consequences of a trial by jury. Such a circumstance, if properly pleaded and supported by sufficient facts, makes out a case where relief ... may be appropriate. 358 So.2d at 403. [Emphasis added].
Under the rule embodied in a combined reading of these cases, Sanders is entitled to relief if he can prove his claims.

IV.

A.
The question before this Court, however, is not whether Sanders is entitled to relief on the merits. What  and all  we are asked to decide is whether Sanders is entitled to an evidentiary hearing where he will be entitled to the opportunity to prove his factual allegation that his guilty pleas were not voluntarily and knowingly entered.
Our inquiry is controlled by the provisions of Rule 8.07 of the Uniform Rules of Circuit Court Practice. That rule, in pertinent part, provides as follows:
(1) The petition for the writ of habeas corpus shall be in writing, sworn to and signed by the person for whose relief it is intended, or by someone in his behalf, and shall contain the following matters:
(a) A description of where and by whom the petitioner is deprived of his liberty, and
(b) the facts and circumstances of the restraint, and
(c) the form of the relief sought, and
(d) the grounds upon which relief is sought.
The motion and affidavit filed in the Circuit Court by Sylvester Sanders meet these tests.
Rule 8.07 adopts a manifestly-without-merit standard for testing petitioner's papers. The rule requires that the circuit judge immediately examine same and that
(3) if from the showing made by the petition it is manifest that the person whom, or on whose behalf, it is presented is not entitled to any relief, the court can refuse to grant the writ and enter an appropriate order.
On the other hand, unless the application is so lacking in merit as to justify summary dismissal under the standards just noted, the petitioner is entitled to an evidentiary hearing. More specifically, Rule 8.07 goes on to provide for an answer by the respondent, discovery, the hearing itself, and appeal.
Sanders' papers urge that he was told by his lawyer that, if he would enter a plea of guilty on each charge, he would receive two separate five year sentences, or an aggregate of a ten year sentence. Sanders by clear implication charges that he relied on this advice by his lawyer in entering his plea. Beyond that Sanders' papers unmistakeably charge that his lawyer suggested that he lie to the trial judge by stating that no one had promised him any lighter sentence or preferred treatment as an inducement to secure his guilty plea.
Under these circumstances, Sanders was entitled to a hearing. From a review of the papers filed by Sanders and the transcript of the original plea proceedings, it is not manifest that Sanders' petition is without merit. If he can prove the allegations he has made, he will be entitled to relief.
Even our pre-Rule 8.07 case of Dunn v. Reed, 309 So.2d 516 (Miss. 1975) holds that such allegations will entitle a petitioner to an evidentiary hearing. See also, Fondren v. State, 187 So.2d 327 (Miss. 1966), on appeal from den. of writ of error coram nobis, *285 199 So.2d 625 (1967); Thornhill v. State, 246 Miss. 312, 149 So.2d 27 (1963); Rogers v. State, 241 Miss. 593, 130 So.2d 856 (1961).

B.
Undergirding Rule 8.07 and its manifestly-without-merit standard is Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Blackledge is concerned with the criteria for determining whether a state prisoner (situated as is Sanders) is entitled to an evidentiary hearing in federal court where he challenges the voluntariness of his plea. Blackledge holds that the prisoner's petition should be dismissed summarily only where it is "palpably incredible" or "patently frivolous or false". 431 U.S. at 76, 97 S.Ct. at 1630, 52 L.Ed.2d at 148. Blackledge is quite compatible with the manifestly-without-merit standard of Rule 8.07.
We acknowledged Blackledge in Baker v. State, 358 So.2d 401 (Miss. 1978). In Baker, this Court said
We agree with the spirit of Blackledge [Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)], that there should not be a per se rule prohibiting collateral attack on a plea in all circumstances simply because the transcript on its fact reflects recitation of voluntariness and awareness of the consequence. 358 So.2d at 403. [Emphasis added].
Later in the opinion, the Baker Court repeated this premise:
... [W]e agree that a per se rule excluding collateral attack on pleas facially correct, is not warranted. 358 So.2d at 403.
Blackledge recognizes the enforcement of a per se rule runs afoul of notions of fundamental fairness. Blackledge correctly observes that no court could

fairly adopt a per se rule excluding all possibility that a defendant's representations at the time his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment. 431 U.S. at 75, 97 S.Ct. at 1629, 1630, 52 L.Ed.2d at 147-148.
To be sure, the Blackledge opinion does state:
This is not to say that every set of allegations not on its face without merit entitles a habeas corpus petitioner to an evidentiary hearing. 431 U.S. at 80, 97 S.Ct. at 1632, 52 L.Ed.2d at 151.
This, however, is not one of those cases where an evidentiary hearing is not required.[4] Indeed, a fair reading of Blackledge suggests that a case, where the petitioner has alleged under oath that he entered his plea in reliance upon his lawyer's advice that he had worked out a favorable plea bargain that could only be enjoyed if he lied at the plea hearing, could never be one of those cases where an evidentiary hearing is not required.

*286 C.
Other states concur with the approach we adopt here. In Peoples v. Owsley, 66 Ill. App.3d 234, 22 Ill.Dec. 795, 383 N.E.2d 271 (1978), the court held it error to dismiss without a hearing a prisoner's application in a context legally analogous to that present here. State v. Galliano, 396 So.2d 1288 (La. 1981) is to like effect, particularly when the court states:
Since the plea colloquy is but an objective method of ascertaining and preserving an accused's state of mind, however, judicial inquiry need not focus solely upon the clarity of the words used. For this reason, a court, when called upon to do so through a recognized procedural vehicle, has the power, notwithstanding a record waiver of constitutional rights, to determine whether other factors present at the time of a guilty plea, whether inside or outside the plea colloquy record, were sufficient to render the plea involuntary or unintelligent. 396 So.2d at 1290.
See also Burgin v. State, 522 S.W.2d 159 (Mo. App. 1975).
Sanders alleged specific facts which were not contrary to the record of the colloquy between himself and the trial judge. Rather, what Sanders now states in his affidavit is both (a) consistent with the plea hearing interrogation, and (b) if proved, indicative that, in spite of such interrogation by the trial judge, Sanders' plea was not knowing and voluntary. See Dunn v. Reed, supra. The effect of the Circuit Court's ruling dismissing Sanders' application was application of a per se rule. Accordingly, this case ought be reversed and remanded for a full evidentiary hearing.

IV.
The relationship of the accused to his lawyer provides a critical factual context here. As he stands before the bar of justice, the indicated defendant often has few friends. The one person in the world, upon whose judgment and advice, skill and experience, loyalty and integrity that defendant must be able to rely, is his lawyer. This is as it should be. Any rational defendant is going to rely heavily upon his lawyer's advice as to how he should respond to the trial judge's questions at the plea hearing. He may also rationally rely on his lawyer's advice what the outcome of the plea hearing will be.
Yet it is the defendant, not the lawyer, who enters the plea. It is the defendant, not the lawyer, who is going to serve the time. It is the defendant, not the lawyer, whose constitutional rights are being waived at the plea hearing. It is the defendant's plea and accompanying waiver of rights which under established law must be voluntarily and intelligently given, with full appreciation of the consequences to follow.
The necessity for post-conviction hearings in cases such as this is not a happy prospect. Yet, where a prisoner states a claim which, if proved, would entitle him to relief, and where he complies with procedural requisites of Rule 8.07, he is entitled to a hearing. Such is nothing less than the inevitable by-product of the vital charge given the defense attorney in our criminal law process. Though surely it is obvious to all who thoughtfully consider the problem, the integrity of the process stands or falls with the integrity of the lawyers who participate in it.[5]

V.
We summarize.
(a) If one criminally accused is promised by his lawyer that in exchange for a guilty plea he will receive two consecutive five year sentences, and
(b) if in fact there has been no plea bargain agreement for any such sentences, and
(c) if in fact defense counsel advises his client that in order to get the two consecutive five year sentences he must at the plea hearing state to the court that he has not been promised anything, and

*287 (d) if in fact the defendant relies upon this advice of his attorney and enters a plea of guilty, and
(e) if in fact the defendant is then sentenced to two consecutive terms of 17 years each,
then, three things are obvious.
First, if the petitioner can prove these facts, he is entitled to relief, i.e., he is entitled to have his plea of guilty set aside because it was not knowingly, intelligently and voluntarily entered.
Second, one would reasonably expect the transcript of the plea hearing to appear substantially as it does in this case.
Third, with the exception of so much of the above description as assumes that defense counsel represented to Sanders that there was a plea agreement when in fact there was not, we would have described a situation which has occurred hundreds of times all over Mississippi since Boykin v. Alabama was decided back in 1969.
Seen in this light, the Circuit Court's error becomes apparent. If the matters charged by Sylvester Sanders did in fact occur, how else could he make such known to the court and obtain relief other than through the procedure he has invoked? The Circuit Court holds, nevertheless, that Sanders is not entitled to a hearing.
By ordering such a hearing, we are not giving Sylvester Sanders a second bite of the apple. We are trying to determine whether the one bite to which he is entitled under our constitutional system has been had. We are trying to assure that, before he forfeits 34 years of his life to the State, Sanders has had one constitutionally adequate bite.

VI.
Upon remand there are several matters that ought be considered by the Circuit Court.

A.
At the evidentiary hearing, the Circuit Court's central concern will be the question of whether, under applicable substantive constitutional standards, Sanders' two pleas of guilty were voluntarily and knowingly entered with a full appreciation of the consequences of each plea. We emphasize that a mere expectation or hope, however reasonable, of a lesser sentence than might be meted out after conviction upon trial by jury will generally not be sufficient to entitle a petitioner to relief in cases such as this. Yates v. State, 189 So.2d 917 (Miss. 1966). Likewise, the generalized prediction of defense counsel that a lesser sentence is likely upon a plea of guilty is in and of itself insufficient to entitle petitioner to relief.[6] Further, the mere representation by defense counsel that in his experience sentences imposed upon persons who plead guilty are somewhat less than those customarily given to persons convicted of comparable offenses after trial by jury is not enough.[7]
On the other hand, a firm representation by defense counsel that, if a plea of guilty be tendered, petitioner would receive a fixed, relatively lenient sentence, if in fact relied upon by petitioner in entering his plea, may be sufficient to entitle him to relief. This would be particularly true if petitioner had been advised by defense counsel at the plea hearing (a) that he should state to the sentencing court that no promises or representations had been made *288 to him and (b) that he should disregard the court's admonitions and warnings that it alone passes sentence without regard to the promises or recommendations of others.
We emphasize that the Circuit Court should consider all evidence tending to reveal the state of mind of Sylvester Sanders at the time each plea was actually tendered. Sanders' age, education, experience and general capacity for understanding are quite relevant here. The precise advice and counsel afforded Sanders on the question of sentence by his attorneys is likewise critical. The thoroughness with which Sanders was interrogated by the Circuit Court at the time the plea was tendered may well be the most important evidence of all. For, without regard to the advice or instructions Sanders may have been given by his attorneys, the Circuit Court's questioning of Sanders and explanations to him of his rights and of the consequences of his plea may (we emphasize, may) have been sufficient to render the plea voluntary without regard to anything else.
These suggestions should be seen as illustrative and not exclusive. Nor should they be seen as assigning weight or value to a particular type of testimony or evidence. The inquiry with which the Circuit Judge is charged involves a man's state of mind. It is necessarily imprecise. Try as we might, this inquiry may not be wholly objectified. It sufficiently involves questions of fact that it is necessarily committed to the Circuit Judge to receive and evaluate and weigh and balance all evidence that seems relevant.

B.
We hold that Sanders bears the burden by proving by clear and convincing evidence that his pleas were not voluntary. It should always be remembered that the remedy which is being sought in such an evidentiary hearing is to set aside a final judgment which has been entered upon the trial and conviction of a defendant, or as in the present case, upon his plea of guilty given in open court, following the meticulous efforts of a trial judge to ensure that such plea is knowing and voluntary. Setting aside such a solemnly entered judgment is permitted only when the proof that such action is necessitated is both clear and convincing. We have always exacted such a burden when the ground of relief is asserted to be "newly discovered evidence" by requiring that such "new evidence" be practically conclusive of innocence or that there be a substantial probability of a different result. Johnson v. State, 359 So.2d 1371 (Miss. 1978); Gordon v. State, 160 So.2d 73 (Miss. 1964); Kennard v. State, 246 Miss. 209, 148 So.2d 660 (1963); Lang v. State, 230 Miss. 147, 87 So.2d 265 (1956).
Likewise, the requirement that grounds for a new trial be established at a Rule 8.07 evidentiary hearing is consistent with our steadfast recognition of the need for finality of judgments and an end to litigation. Kennard v. State, supra; Lang v. State, supra; Wetzel v. State, 225 Miss. 450, 76 So.2d 194, 198 (1966). Such solemn judgments should be set aside only for the most compelling reasons.

C.
Finally, we note that our decision today grants Sylvester Sanders what  and all  he is entitled to at this point  an evidentiary hearing. Even should he prevail at that evidentiary hearing,[8] all of the substantive relief he could possibly receive on remand is vacation of his conviction and reinstatement of his not guilty pleas. The State would then be free to put Sanders to trial on each aggravated assault indictment and, upon conviction, demand the maximum 20 year sentence in each case. Miss. Code Ann. § 97-3-7(2) (1982 Supp.)
REVERSED AND REMANDED.
BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
*289 ROY NOBLE LEE, Justice, specially concurring:
I would remand this cause to the lower court for an evidentiary hearing on the guilty pleas, and I concur in the result expressed by the majority opinion.
When the guilty pleas were entered by Sanders, the lower court placed him under oath and thoroughly examined him upon his knowing and voluntary waiver of rights before accepting those guilty pleas. Likewise, an examination of Sanders' counsel was conducted by the lower court. That procedure was a model example of how guilty pleas should be examined and received, and the sentencing judge is to be commended for it.
Regardless of such procedure, Sanders has properly presented to this Court an issue as to whether the guilty pleas were voluntarily made or whether the result of advice and influence from other persons. That issue and claim, which well might prove to be frivolous, must be resolved by the lower court in an evidentiary hearing under the law.
I note that the evidentiary hearing may indicate Sanders was (will) perjured himself. If so, appropriate action in the matter may be taken by a grand jury.
DAN M. LEE, J., joins this specially concurring opinion.
PATTERSON, Chief Justice, dissenting:
I dissent with deference. I do so with an awareness of congested dockets and the trend toward endless judicial hearings. In my judgment neither the constitution, justice nor practical consideration require reversal.
Although every man is entitled to his day in court, that is a fair hearing in accord with due process of law, my belief does not include a second day in court on the same issue when such is sought through falsehood. In my opinion the solemn judgment and sentence of the trial court should not be trivialized by the false swearing of the petitioner.
For the benefit of the trial judges of the state and others interested, who are aware of repeated post-trial hearings and lawsuits without termination, the transcript follows in its entirety. It portrays more vividly the situation precipitating repeated hearings than can the author of this dissent.

"TRANSCRIPT OF PROCEEDINGS
"This the 11th day of August, 1981, came on for consideration the entry of the plea of guilty to the charge in the indictment by the Defendant, SYLVESTER SANDERS; the Defendant having been arraigned and pled not guilty to the charge in the indictment on an earlier day, the matter of his trial scheduled for today, being present in Chambers with his attorneys, HON. JOE WEBSTER and HON. RICK LEWIS, of Clarksdale, Mississippi;
"WHEREUPON, the Court conducted the following investigation, to-wit:
"BY THE COURT: The Court calls case number 6351, State of Mississippi versus Sylvester Sanders, charged by indictment with the crime of Aggravated Assault. The Defendant is before the Court with his attorneys, Mr. Joe Webster and Mr. Rick Lewis. He's been arraigned on this charge and entered a plea of not guilty and the matter of his trial was scheduled for today. The Court also calls case number 6352, State of Mississippi versus Sylvester Sanders, charged by indictment with the crime of Aggravated Assault. The Defendant's been indicted and arraigned on this charge, entered a plea of not guilty, and the matter of his trial was scheduled for today on this charge, also, as being a regular day of the July 1981 term. The jury's present. However, the Defendant and his attorneys are in Chambers, out of the presence of the jury. It's my understanding, Mr. Webster, that you have an announcement to make.
"BY MR. WEBSTER: Yes, Your Honor. The Defendant advises me that he desires to withdraw his previously entered pleas of not guilty to both these Aggravated Assaults and enter pleas of guilty to these charges.
*290 "BY THE COURT: Mr. Sanders, you heard the statement of your attorney that you wish to withdraw your plea of not guilty in each of these two cases and enter a plea of guilty. Is that your wish?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Before I can accept your plea of guilty, it is necessary I determine that your plea of guilty in each of these cases is knowingly, understandingly, freely, and voluntarily made. In order to make this determination, I'll ask you a series of question. If you wish to decline to answer these questions you may do so. However, you will be under oath and if you do answer the questions, your answers could be used against you. Now, your attorneys, Mr. Webster and Mr. Ricky Lewis are both here with you and if you don't understand any question I ask you or if you want to talk with them privately before answering any question, you're free to do so. Do you understand what I tell you?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Face the Clerk and be sworn.
"(DEFENDANT SWORN)
"BY THE COURT: How old are you, Mr. Sanders?
"BY THE DEFENDANT: Twenty-seven.
"BY THE COURT: What education have you had?
"BY THE DEFENDANT: Ninth.
"BY THE COURT: What business experience or what type work have you had in the past?
"BY THE DEFENDANT: Farming.
"BY THE COURT: Are you, at the present time, under the influence of any drugs or intoxicants?
"BY THE DEFENDANT: No, sir.
"BY THE COURT: Do you understand at this time and in this proceeding, I'm seeking to determine if your plea of guilty in each of these charges is knowingly, understandingly, freely, and voluntarily made in order to decide if I will accept your plea of guilty in each of these cases. Do you understand that's what we're doing at this time?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Do you understand you're charged with Aggravated Assault in both of these cases?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: I'll ask the Assistant District Attorney, Mr. Beckham, to give the substance of the charges against you in case number 6351 and you listen to him.
"BY MR. BECKHAM: Your Honor, the State is prepared to show that on January 8, 1981, that Sylvester Sanders did willfully and feloniously, purposely and knowingly cause bodily injury to another; that is, Charles Wells, with a deadly weapon, a .38 caliber pistol, such means being likely to produce death or serious bodily harm.
"BY THE COURT: Mr. Sanders, do you understand the charges against you in this case, number 6351, in which you're charged with Aggravated Assault?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Did you commit this crime?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: I'll ask Mr. Beckham to give the substance of the charges against you in cause number 6352, in which you're charged with Aggravated Assault, and you listen to him.
"BY MR. BECKHAM: Your Honor, the State is prepared to show that Sylvester Sanders, on the 8th day of January, 1981, did willfully, knowingly, feloniously, and purposely cause bodily injury to another, Betty Hudd, with a deadly weapon, a .38 caliber pistol, such means being likely to produce death or serious bodily harm.
"BY THE COURT: Do you understand the charges of Aggravated Assault that Mr. Beckham has explained to you in case number 6352?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Did you commit this crime?
*291 "BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Does the State have any recommendation it desires to make in either or both of these cases?
"BY MR. BECKHAM: No, Your Honor.
"BY THE COURT: Mr. Sanders, you've heard Mr. Beckham, the Assistant District Attorney, advise the Court his office does not make any recommendation as to a specific sentence you will receive. Has anybody led you to expect the State would recommend a particular sentence if you entered a plea of guilty?
"BY THE DEFENDANT: No, sir.
"BY THE COURT: Has anyone led you to expect the State would recommend to the Court any specific number of years if you entered a plea of guilty?
"BY THE DEFENDANT: No, sir.
"BY THE COURT: Do you understand that the maximum sentence that can be imposed on your plea of guilty in each one of these cases is twenty years in each case? That is, the Court could impose a maximum of twenty years on you in each case without suspending any portion of this sentence and the Court could require the sentences to run consecutive; that is, one following the other or a total of forty years. Do you understand that?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Do you understand that even though a recommendation may later be made, the Court is not bound by any recommendation made but the Court itself will decide what sentence you will receive. Do you understand that?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Knowing these things, are you sure you still want to enter a plea of guilty in each of these cases?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: If you did not enter a plea of guilty and had a trial and were convicted and sentenced, you would have a right to appeal to the Supreme Court. But upon entering a plea of guilty, you give up that right. Do you understand that?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Has anyone threatened you in order to get you to plead guilty?
"BY THE DEFENDANT: No, sir.
"BY THE COURT: Has anyone promised you anything in order to get you to plead guilty?
"BY THE DEFENDANT: No, sir.
"BY THE COURT: Have your attorneys or any other officers of this court made any threats or promises to you in any case on the docket of this court?
"BY THE DEFENDANT: No, sir.
"BY THE COURT: Has anyone told you that the Court; that is, I would be any lighter on you simply because you entered a plea of guilty?
"BY THE DEFENDANT: No, sir.
"BY THE COURT: Do you understand that by entering a plea of guilty in each of these charges you are admitting that you did in fact commit the crime stated in the indictment in each of these cases?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Do you realize you're giving up your right under the Constitution that protects you against self-incrimination?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Do you realize you're giving up your right to a trial by jury?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Do you understand if you did not plead guilty, you would be entitled to a separate jury trial in each of these cases and in order to be convicted in each of these cases, all twelve jurors would have to agree on a verdict of guilty?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Do you realize you're giving up these rights when you enter a plea of guilty?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Do you realize that the burden is on the State of Mississippi to prove you guilty beyond a reasonable doubt *292 in case you had a jury trial and when you plead guilty you give up this requirement and the State is not required to offer any proof in your cases at all?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Under the Constitution, you have a right to be confronted by the witnesses against you. What that means is, if you did not plead guilty and had a trial, the State would have to put on their witnesses on the witness stand under oath and you or your attorneys would be entitled to question or cross examine those witnesses. However, when you enter a plea of guilty, you give up your right to question or cross examine those witnesses and you give up your right to be confronted by the witnesses against you. Do you understand that?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Under the Constitution, you would have a right at a trial to take the stand and testify in your own behalf. Of course, if you did, you would be subject to cross examination just like any other witness. However, you would also have the right at a trial not to testify and the fact that you did not testify could not be commented on or used against you in any way. But when you enter a plea of guilty, you waive or give up these rights, also. Do you understand that?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Do you realize you're giving up any objection you may have to the composition; that is, the make-up of the grand jury that indicted you and the trial juries of this county as to race, sex, or any other objection. Do you realize you're giving up all objections to the composition of the juries of this county?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Mr. Webster, as one of the attorneys for this Defendant, have you talked with him today? Have you informed the Defendant of the elements of the charges against him and the proof necessary for conviction in each of these cases?
"BY MR. WEBSTER: Yes, sir, Your Honor.
"BY THE COURT: From your observation of him today, do you see or otherwise observe anything that would lead you to believe he's presently intoxicated or under the influence of any drugs?
"BY MR. WEBSTER: No, Your Honor.
"BY THE COURT: From your personal conferences with him, do you believe he fully understands what he's doing at this time in entering a plea of guilty in both of these cases?
"BY MR. WEBSTER: Yes, Your Honor.
"BY THE COURT: Have you advised him of his Constitutional rights?
"BY MR. WEBSTER: Yes, Your Honor.
"BY THE COURT: Mr. Sanders, are you satisfied with the services of your attorneys, Mr. Webster and Mr. Lewis?
"BY THE DEFENDANT: Yes.
"BY THE COURT: Have either of them threatened you in any manner or promised you anything in order to get you to plead guilty?
"BY THE DEFENDANT: No, sir.
"BY THE COURT: Do you believe they have given you good advice on entering these pleas of guilty at this time?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: Do you believe they have properly represented you in these cases and in all stages and phases of these cases?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: I have attempted to question you thoroughly about your plea of guilty in both of these cases to be satisfied that you're fully acquainted with your rights. Do you still wish to plead guilty?
"BY THE DEFENDANT: Yes, sir.
"BY THE COURT: The Court finds in case number 6351 that the plea of guilty of the Defendant, Sylvester Sanders, is intelligently, understandingly, freely, and voluntarily made. The plea of guilty is accepted. The Court finds that the plea of guilty of Sylvester Sanders in case number 6352 is intelligently, understandingly, freely, and *293 voluntarily made. The plea of guilty is accepted. There will be a presentence investigation, a copy of which will be furnished to the Defendant and his attorneys. Thereafter, there will be a further hearing at which time sentence will be imposed.

* * *
"On the 12th day of August, 1981, the Defendant, SYLVESTER SANDERS, appeared again in open court with one of his attorneys, HON. JOE WEBSTER, and the following proceedings were had and done, to-wit:
"BY THE COURT: The Court calls case number 6351, State of Mississippi versus Sylvester Sanders. The Defendant, Sylvester Sanders, is before the court with his attorney, Mr. Joe Webster. He is charged by indictment in this case with the crime of Aggravated Assault to which he has entered a plea of guilty and the Court accepted as being freely and voluntarily made. The Court also calls case number 6352, State of Mississippi versus Sylvester Sanders, being the same Defendant, in which he is also charged with the crime of Aggravated Assault. The Defendant was arraigned on this charge as on the other one and entered a plea of not guilty first and he thereafter appeared before the Court after the case was scheduled for trial in each of these cases and withdrew his plea of not guilty in each case and entered a plea of guilty which the Court accepted as being freely and voluntarily made and the Court ordered a presentence investigation. Mr. Webster, have you received and reviewed the presentence report with Mr. Sanders?
"BY MR. WEBSTER: I have, Your Honor.
"BY THE COURT: Do you and does the Defendant find it correct in all material particulars?
"BY MR. WEBSTER: Your Honor, the Defendant does not feel the facts of the offense are exactly correct and I've discussed these with him but the changes that he would make would not alter his plea of guilty.
"BY THE COURT: All right, sir. Do you have anything to say before sentence of the Court is imposed on this Defendant?
"BY MR. WEBSTER: No, Your Honor.
"BY THE COURT: Sylvester Sanders, do you have anything to say before sentence of the Court is imposed on you?
"BY THE DEFENDANT: No, sir, Your Honor.
"BY THE COURT: Mr. Sanders, you came very close to being before this Court on two charges of Murder. You very easily could have been before this Court on two charges of Murder. Two people shot. And you came very close to being before the Court on two charges of Capitol Murder, which carries the death penalty. It is my understanding that one of the victims, at least, is still  even though this happened some six or eight months ago  suffering and possibly will be suffering and disabled for life to some extent because of the injuries and wounds received by that victim. In case number 6351, it is the sentence of the Court, and Sylvester Sanders, the Court does hereby sentence you to serve a term of seventeen years in an institution under the supervision and control of the Mississippi Department of Corrections for the crime of Aggravated Assault. The Court provides in this sentence that it is the opinion of this Court that the Defendant requires confinement not available at the Coahoma County Jail and, therefore, upon initial commitment, shall be assigned to the Parchman facility.
"In case number 6352, it is the sentence of this Court, and Sylvester Sanders, the Court does hereby sentence you to serve a term of seventeen years in an institution under the supervision and control of the Mississippi Department of Corrections for the crime of Aggravated Assault in this case. The sentence imposed in this case shall run and be consecutive to and shall commence at the termination of the sentence imposed on cause number 6351 on the docket of this court. The Court also provides in this case that upon initial commitment *294 the Defendant shall be assigned to the Parchman facility. Be so ordered."

* * * * * *
What more could a judge do?
The appellant now challenges the validity of the trial court's judgment based upon the foregoing transcript and requests his guilty pleas to be withdrawn because he lied then, but is truthful now. Although the following case is not precisely in point it expresses a principal which has present application in my opinion. In Dolan v. State, 195 Miss. 154, 160, 13 So.2d 925, 927 (1943), we stated:
... To entertain such argument, we would have to appraise it according to whether we felt that the true version was in the original testimony to which witnesses reverted or in their repudiation which they later withdrew. To be persuaded by such considerations would be to place the control of the courts in the hands of corrupt witnesses who could by successive repudiations of their testimony cause the issue to oscillate at will, and make of perjury a basis for relief at the hands of the law which they had defied. To argue that the defendant should be protected against a conviction upon perjured testimony is to assume, as we may not do, that the evidence adduced on the trial was perjured... .
The affidavit in support of Sanders' motion is in direct contradiction to his sworn testimony in open court. It states in pertinent part:
Petitioner states that his attorney persuaded him to enter a plea of guilty, to two (2) counts of aggravated assault by promising him that he would receive two (2) five (5) year sentences; rather than face the threat of two (2) forty (40) year sentences, if he did not plead guilty.
I think the majority's holding that the appellant is entitled to an evidentiary hearing under the numerous cases cited overlooks the manifest and simple fact that he has already had it.
It seems to me the appellant speculated upon receiving a light sentence and now, disappointed, seeks through perjury, a reconsideration. In sum, I am of the opinion that solemn court judgments should not be trifled with in such manner. I would affirm.
WALKER and BROOM, P.JJ., and PRATHER, J., join this dissent.
NOTES
[1] Sanders' papers are denominated as "Notice of Application to Withdraw Guilty plea" and "Petition for Writ of Error Coram Nobis". He has filed a supporting affidavit. In substance he is seeking post-conviction relief. Rule 8.07 of the Uniform Criminal Rules of Circuit Court Practice provides a procedure whereby Sanders may present to the Circuit Court the matters set out in his motion. This rule is entitled "Habeas Corpus". We have formerly adhered to the common law concept of habeas corpus as not encompassing post-conviction relief, Edwards v. Thigpen, 433 So.2d 906, 907 fn. 1 (Miss. 1983), Nelson v. Tullos, 323 So.2d 539 (Miss. 1975); State v. Nicholson, 286 So.2d 820 (Miss. 1973); Clayton v. State, 254 So.2d 874 (1971); Allred v. State, 187 So.2d 28 (Miss. 1966); Smith v. State, 155 So.2d 494 (Miss. 1963); Rogers v. Jones, 240 Miss. 610, 128 So.2d 547 (1961); Goldsby v. State, 226 Miss. 1, 78 So.2d 762 (1955). Our adoption of Rule 8.07, however, was clearly intended as a coalescence, encompassing all post-conviction relief efforts into a single procedure. Here, as in civil cases, we now have progressed to the point that we have but one form of action. Compare Rule 2, Miss.R.Civ.P. Beyond that, we reaffirm our long-standing rule that pro se post-conviction relief efforts will be examined in the light of the substantive claims presented rather than their possibly inapt denomination. We will treat Sanders' application as one made under Rule 8.07. See Edwards v. Thigpen, supra, Watts v. Lucas, 394 So.2d 903 (Miss. 1981); Nelson v. Tullos; State v. Nicholson, supra; Young v. State, 264 So.2d 821 (Miss. 1972); Allred v. State, supra. Cf. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).
[2] It is critical to keep in mind that the very nature of the "involuntariness" claim made here takes us beyond the transcript of the plea hearing. Relevant facts on such a voluntariness issue will as a matter of common sense not be within that transcript. As recognized in Chavez v. Wilson, 417 F.2d 584 (9th Cir.1969):

"[M]ost allegations that the plea was induced by lack of knowledge or by a broken promise, or by some other improper factor, involve facts outside the record." 417 F.2d at 586.
[3] We wish to make it crystal clear that nothing said in this opinion should be taken as suggesting that we think Sanders' counsel advised him to lie. We merely acknowledge as we must that these are fact questions not proper for resolution on the pleadings.
[4] Blackledge suggests two, and only two, circumstances in which a full evidentiary hearing may be dispensed with. First, Blackledge lists cases which could be disposed of on a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Rule 56 of the Mississippi Rules of Civil Procedure is in pertinent part identical with the federal rule  summary judgment may only be granted where there is no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. Compare Rule 56(c), F.R.Civ.P., with Rule 56(c), Miss.R.Civ.P. We do not believe anyone would suggest that, on the basis of the papers now before the Court, Sylvester Sanders' petition could be dismissed under Rule 56(c).

Second, the Blackledge Court describes those cases which can be disposed of on the basis of discovery, affidavits and other informal procedures. Cited are Rules 6 and 7 of the Federal Rules Governing Section 2254 Habeas Corpus Cases, published in 28 U.S.C.A. Comparable procedures are available under our Rule 8.07. Those procedures, particularly discovery, may well be appropriate to expedite consideration of cases such as that tendered by Sylvester Sanders.
The point in this: A careful reading of this part of Blackledge makes clear that the case of Sylvester Sanders in its present procedural posture is not one of those cases where no hearing is required.
[5] See footnote 3, at page 283, supra.
[6] As being illustrative of the distinction between such a "generalized prediction" and a "firm representation" of such lesser sentence, compare Hill v. State, 388 So.2d 143 (Miss. 1980), with Peete v. Rose, 381 F. Supp. 1167 (W.D.Tenn. 1974).
[7] This Court has repeatedly held that a convicted defendant may not be subjected to an "enhanced" sentence as a penalty for his having invoked and claimed his Sixth Amendment right to trial by jury. See, e.g., Fermo v. State, 370 So.2d 930, 932 (Miss. 1979); Williamson v. State, 388 So.2d 168, 170 (Miss. 1980); Pearson v. State, 428 So.2d 1361, 1364 (Miss. 1983). Whether the defendant stands convicted on his own plea or upon jury verdict may not be considered by the Circuit Judge before he passes sentence. Nothing said in this opinion should be construed as a retreat from this well-settled proposition.
[8] Of course, nothing said in this opinion should be taken to suggest that Sanders should, will or even may prevail on the merits.